Judge Nicholas
delivered the Opinion of the Court.
Vaughan purchased, paid for, and received from the sheriff, a conveyance for a tract of land, sold, by metes and bounds, under an execution against Myers ; both the sheriff and Myers having represented, on the day of sale, to the bidders, that those, bounds included certain improvements and cleared land ; none of which, as was subsequently ascertained, were included. Vaughan filed his bill to be relieved from the purchase thus made through the mistake or misrepresentation of Myers and the sheriff, and to compel Myers to pay him the money he had paid on account of the purchase. The court dismissed his bill, without prejudice to an action at law, and from that decree he prosecutes this writ of error.
We think so material an error, as to the thing bought at sheriff’s sale, produced by the representations of the defendant in the execution, a very sufficient reason for relieving the purchaser, by setting aside the sale; and that a bill in equity, if not the only, is the most appropriate remedy for obtaining such relief. As Myers is shewn to be insolvent, we also think it proper to allow Vaughan the benefit of a lien on the land conveyed to him, to secure the payment of the sum paid by him to the sheriff.
As the relief sought in the amended bill was against Myers alone, it was unnecessary to bring the plaintiff in the execution before the court.
Decree reversed, with costs, and cause remanded, with directions for a decree rescinding the sale and conveyance'to Vaughan, and for a sale of the property so conveyed in satisfaction of the sum paid by Vaughan to the sheriff, with interest thereon to the rendition of the decree; and if the property should not produce enough to satisfy that sum, then a decree in favor of Vaughan, against Myres, for the residue.