Chief Justice Robertson
delivered the Opinion of the Court.
The only question we shall consider in 'this case is, whether the Circuit Court of Breckinridge County had jurisdiction upon any ground presented by the bill,
As the defendants neither resided, nor were served process, in Breckinridge, and as one of .them, and the only one against whom the decree was rendered, never answered the bill, or entered an. appearance, waiving objection to the jurisdiction, the court had no right to take cognizance of the bill, and render the decree rescinding the contract for the land in BreckinCounty; because a suit for rescission, or for a spe- ° J ’ . . r cific execution, of an agreement respecting land is not loca1’ but ^together transitory.
The lame and contingent prayer for a decree for enforcing a supposed equitable lien by a sale of the land, did not — although such matter is local — give jurisdiction to render the decree for a rescission; because it is evident that, according to the bill itself, there was no gr°und for a decree for the sale of the land. The bill asked for a specific execution if the title was good, and -sought an enforcement of a lien, alleged to have been derived from the vendor of the principal defendant, in the event only of there being no title! The Chancellor should never decree the sale of land, unless the purchaser can obtain, under the decree, a title; and to this end, all persons interested in the title should be made parties before such a decree should be rendered. But the bill in this case, not only did not ask a decree for a sale if the person against whom the decree was sought had a title which could be sold, but it virtually alleged, that the ven *35 dor of the land to that person, and who alone was made a co-defendant, had no title. .
It is evident, therefore, that the allegations of the bill would not have authorized a decree for the sale of the ...land; and it may be inferred, that such a decree was not, in any event, the object of the bill; but that the prayer for 'it was inserted only for the purpose of giving a semblance of jurisdiction. Jurisdiction cannot be thus conferred.
Wherefore, it is decreed and ordered that, for want of jurisdiction in the Circuit Court, the decree for rescission rendered by that court, be reversed and held for nought.