CASE 65—PETITION EQUITY—JANUARY 16.

## McQuerry v. Gilliland.

APPEAL FROM LINCOLN CIRCUIT COURT.

1. DEVISE OF ANOTHER'S PROPERTY—TRUSTS—LIMITATION.—When the devisee, under a will, accepts property of the testator devised to him, he thereby relinquishes his right to property of his own which the testator has undertaken to devise to another; and he being directed by the will to convey his property to such other person, it becomes his duty to do so upon his acceptance of the property devised to him; and as he thereafter holds the title in trust, the statute of limitations does not apply to an action to compel him to convey the title, the trust being a continuing one.

2. JURISDICTION OF ACTION TO COMPEL CONVEYANCE OF LAND.—The performance of an equitable obligation, or an obligation enforceable

by an action *in personam* and not *in rem*, may be enforced wherever the chancellor may obtain jurisdiction of the person, although such obligation may relate to land situated in another State. Therefore, an action will lie in this State to compel one who holds the legal title to land situated in another State to execute a conveyance to those to whom he may be under obligation to convey the title.

**WILLIAM LINDSAY FOR APPELLANT.**

1. In order to show heirship in mother, brothers and sisters, the petition must aver want of children and their descendants. It is not to be presumed a man died without issue. When the fact is necessary to make out a complainant's title it must be averred and proved. (Dudley v. Grayson, 6 Mon., 263.)

2. A Kentucky court will not adjudge a conveyance of realty situate in Iowa when, if the suit were instituted in Iowa, the courts of that State, upon a like state of facts, would not decree the conveyance, and when the Kentucky court would not afford the relief if the land were situated in Kentucky.

3. To entitle the appellee to recover, she must show that her father's will has been proved and recorded in the State of Iowa, and in accordance with the statutes of that State. (Gen. Stats., chap. 113, sec. 28; Thomas v. Arthur, 7 Bush, 245.)

A will must be executed and recorded according to the *lex rei sitae*. (Wharton on Conflict of Laws, 644; Jones v. Robinson, 17 Ohio St., 171; Kerr v. Moore, 9 Wheaton, 566.)

4. It is to be presumed the laws of Iowa, upon the subject of probating and proving foreign wills that undertake to devise real estate, conform to the laws generally governing such subjects in England and the American States.

**W. H. PETTUS ON SAME SIDE.**

1. The action is barred by limitation. (Gen. Stats., chap. 71; Iowa Code; Phillips v. Shipp, &c., 81 Ky.; Manion v. Titworth, 18 B. M., 60.)

2. As title to land lying in Iowa is the subject-matter of the action, the courts of this State have no jurisdiction. (Page v. McKee, &c., 3 Bush, 137; Watkins v. Holman, 16 Peters, 25, 26; Massie v. Watts, 6 Cranch, 148, referred to in note to sec. 82, Pomeroy's Equity Jurisprudence; Stanton v. Moore, 26 Iowa, 434; Ring v. McCown, 3 Sanford; Perry on Trusts, section 72.)

3. No trust was created or grew out of the original transaction in the entering and locating of the land by appellant, or in the receiving of the patent by him. An express trust in lands can not be created without writing or evidence in writing. (Perry on Trusts, sec. 83; Spence's Eq. Juris., vol. 1, p. 497.)

It is not a constructive trust, as no fraud is charged. (Perry on Trusts, sec. 166.)

McQuerry v. Gilliland.

There was no resulting trust, because the transaction was between father and son, and was not without consideration, blood being a good consideration. (Perry on Trusts, secs. 143-147; Pomeroy's Equity Jurisprudence, sec. 1039; Spence's Eq., vol. 1, p. 511.)

4. The testator could not devise the land, because he had, neither at the time of the execution of the will nor at the time of his death, title or possession. (Pomeroy's Eq. Juris., 369; McIntire v. Hughes, 4 Bibb, 186; Spence's Eq. Juris., vol. 2, p. 215; American Law Review, vol. 17, p. 176.)

5. The words of request used by the testator are addressed to his son William, in his individual capacity, and not in his executorial capacity, and the words used are not sufficient to amount to a complete and effectual devise of the land mentioned to the testator's son, Milton Green. (Spence's Eq. Juris., vol. 2, p. 595.)

6. It is now too late to seek to enforce election after the whole estate of the testator has been distributed. (Pomeroy's Eq. Juris., sec. 469; Spence's Eq., vol. 1, p. 640; Williams on Executors, sec. 1237.)

O. H. WADDLE, J. T. MAY, T. Z. MORROW for appellee.

1. The original contract created an enforceable trust; but if not, the appellant having accepted the provisions of the will of John McQuerry, in which he was directed to make the conveyance now sought, he is estopped to assert title in opposition to that directed to be passed by the will. If a testator devises to other parties property which belongs to a devisee, and that devisee elects to take under the will, he is estopped from claiming the property devised to which he had title. (Clay v. Hart, 7 Dana, 1; Dawson v. Hays, 1 Met., 460; Duncan v. Prentice, 4 Met., 217; McIlvain v. Porter, &c., MS. Op., Feb: 23, 1888.)

2. If a devisee partially complies with the conditions of a will imposed upon him, this is an election, and he must comply with the remainder. He can not hold under and against the will. (Gore v. Stevens, 1 Dana, 204.)

3. A suit in equity will lie in one State to compel a conveyance of land situated in another State. (Wharton's Conflict of Laws, sec. 288; Story's Eq. Juris., secs. 743, 899, 900; Pomeroy's Equity, secs. 134, 135, 298; Massie v. Watts, 6 Cranch, 148; Burnley v. Stevenson, 24 Ohio St., 474; McLawrin v. Salmon, &c., 11 B. M., 97; Page v. McKee, 3 Bush, 137; Frank v. Peyton, 82 Ky., 150.)

4. If a decree rendered in a State having jurisdiction of the parties and of the subject-matter is offered as evidence, or pleaded as the foundation of a right in any action in the courts of another State, it is entitled to the same force and effect it had in the State where it was pronounced. (Mills v. Duryea, 7 Cranch, 481; Hampton v. McConnell, 3 Wheat., 234; McGiloray & Co. v. Avery, 30 Vt., 538; Burnley v. Stevenson, 24 Ohio St., 471.)

McQuerry v. Gilliland.

5. The statute of limitations of this State does not apply in an action
seeking the enforcement of a trust. (Caldwell v. Caldwell, 7 Bush,
515.)

6. Limitation does not run against remaindermen during the existence of
the particular estate. (Kellar, &c., v. Stanley, 9 Ky. Law Rep., 388.)

7. The statute of limitations of Iowa can have no application to this case.
The law of the State where the action is pending governs the remedy.
(Templeton v. Sharp, 10 Ky. Law Rep., 499; McArthur v. Goddin,
12 Bush, 274; Labatt, &c., v. Smith, &c., 83 Ky., 599.)

8. No written memorial is necessary for the enforcement of a trust.
(Caldwell v. Caldwell, 7 Bush, 515.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The record, as we think, establishes substantially the
following state of case : In 1849 the appellant, William
McQuerry, and his father, John McQuerry, bought
two land warrants, of one hundred and sixty acres
each, which had been issued by the Federal Govern-
ment to the soldiers of the Mexican war. These
warrants were for land in the State of Iowa. The
appellant, by an arrangement with his father, went
to the State of Iowa, in company with his younger
brother, Milton Green McQuerry, then about seven-
teen years old, for the purpose of locating these war-
rants, and of obtaining patents, two of which were to
be in his own name, and two in the name of his
father, John McQuerry. But if, from any cause,
patents on the two warrants could not be obtained
in the father's name, they were to be obtained in the
appellant's name, for the benefit of the father. The
appellant, on arriving at the land office, in the State
of Iowa, found, owing to the absence of his father
from the State, and not having his written power of
attorney, that he could not obtain the patents in his
father's name ; and, pursuant to the alternative agree-

.ment, caused them to be issued in his own name; but failed thereafter to convey the land to his father.

His father, in 1852, died, leaving a last will, which was recorded in Pulaski county; and the appellant was named in the will, and qualified as one of the executors, and entered upon and continued to discharge his duties as executor of the will. He was also one of the devisees of the will, and received the portion of the estate devised to him.

The testator, among other things, willed to his wife, during her life, this Iowa land, remainder to his son, Milton Green McQuerry, and recited the fact that he bought the two warrants, and that the appellant had to have the patents issued in his own name, and requested him to convey the land to his wife for and during her life, remainder to Milton Green McQuerry.

Milton Green McQuerry died soon after the war, without having had issue, and the widow of the testator, John McQuerry, having died in 1884, the appellees brought this action in equity to compel the appellant to convey to the appellee, Mrs. Gilliland, sister of the appellant, one-third of said land as a co-heir, with the appellant and the children of Mrs. Gilmore, deceased, sister of the appellant and appellee, of said Milton McQuerry. Said children, it is alleged and proven, received a conveyance from the appellant, in 1872, to a quantity of said land, equivalent to two-thirds thereof.

It is to be observed that the appellant is one of the devisees under the will, and accepted its provisions, and is one of the executors thereof; also, supposing that the testator was mistaken as to owning, or ever having owned any interest in, said Iowa land, that the

appellant was bound to respect, and it, in fact, belonged to the appellant, yet it is a fact that the testator devised a portion of his own estate to the appellant, and directed (the request is, in this will, equivalent to a direction) the appellant to convey this land to the widow for life, remainder to Milton Green McQuerry. The testator, in making this direction, assumed to dispose of this land as his own ; and, in connection with other estate, certainly his own, devised portions of the whole to all of his children ; and, but for reckoning the whole as his, he, doubtless, would have made a different disposition of the estate that did, in fact, belong to him. So the question arises, supposing that said land belonged to the appellant, but the testator, having assumed to dispose of it by will, and the appellant having been made a devisée under that will, and having accepted its provisions, has he not thereby elected to surrender all right to said land, and to make the conveyance according to the direction of the will ?

The principle is well settled where a testator devises his own estate, or a part of it, to a person, and also devises that person's estate to another, and that person accepts the estate thus devised to him, such person will not be heard to assert his old right ; but, by thus accepting the provisions of the will, he relinquishes his old right to the other person. He can not enjoy the bounty conveyed by the will, and, at the same time, claim his old right. The intention of the testator, in such case, is, that both bounties shall take effect, and the conscience of the devisee is affected by this intention ; and, having accepted the bounty,

it would be a fraud upon the testator to allow him to thus accept the bounty, and, at the same time, hold on to the bounty that the testator intended for another; and, but for the belief that such other would receive the bounty, the devises would not have been thus made. It is to prevent this fraud that equity puts this donee to his election; and, having made his election to accept the provision for his benefit, he thereby elects to abide by all of the provisions of the will, and surrender all right inconsistent with them, and to do whatever the will directs him to do, in order to carry out its provisions. The right of the appellees is not barred by time, for the trust continued all the time.

The appellant contends that as the will was not recorded in Lucas county, Iowa, where the land was situated, the appellees can not maintain this action. This contention is based upon the fact that as Milton Green McQuerry could not have maintained an action in the State of Iowa for the recovery of the land, because the will was not recorded in that State, it follows that his heirs can not maintain this action to compel a conveyance. We can not agree to this contention. It is well settled that the performance of an equitable obligation, or an obligation that may be enforced by an action *in personam* and not *in rem*, may be enforced whenever the chancellor may obtain personal jurisdiction of the person, without regard to the fact that the real estate, to which such obligation relates, is situated in another State.

In the case of Massie v. Watts, 6 Cranch, 148, the case going to the Supreme Court from this State, the court

said: "Either in consequence of contract or as trustee, or as the holder of a legal title acquired by any species of *mala fides* practiced on the plaintiff, the principles of equity give the court jurisdiction wherever the person may be; and the circumstance that a question of title may be involved in the inquiry, and may even constitute the essential point on which the case depends, does not seem sufficient to arrest that jurisdiction. * * * The court is of the opinion that, in case of fraud, of trust, or of contract, the jurisdiction of a court of chancery is sustainable wherever the person be found, although lands not within the jurisdiction of that court may be affected by the decree."

In such case the subject-matter is not that of the recovery of land. In other words, it is not an action *in rem*. The court need not have the land before it in order to be able to render a judgment; but the action is *in personam*, for the purpose of enforcing a personal obligation of contract or of trust. It is true that the title to land is to be affected by the decree, in so far as it compels the party to convey; but, as said, by reason of his trust or contract duty, he is personally obliged to convey, and that duty may be discharged in one State as well as another, although the land may not be situated in such State. It is the breach of trust or contract to convey that may be complied with, without regard to the location of the land, that gives the right of action *in personam*. If Milton Green McQuerry were alive, he, for the foregoing reasons, could maintain this action in this State, and he being dead, the appellees can maintain it.

The judgment is affirmed.