## DAVID BLACKFORD, WHO SUES, &c., v. THE LEHIGH VALLEY RAILROAD COMPANY.

The venue in an action for damages occasioned by negligence to property, both real and personal, was erroneously laid in a different county from that in which the real property was situate. No steps were taken to compel correction of the error, and the cause was carried down for trial to the county in which the venue was laid. No motion to non-suit, because of the erroneous venue, was made. *Held*, that the trial judge was right in refusing to direct a verdict for defendant or to withdraw from the consideration of the jury the damages to the real estate, and in submitting to the jury the whole matter covered by the issue.

On rule to show cause.

Argued at June Term, 1890, before BEASLEY, CHIEF JUSTICE, and Justices DIXON and MAGIE.

For the rule, *J. J. Bergen* and *T. N. McCarter.*

*Contra, A. A. Clark.*

The opinion of the court was delivered by

MAGIE, J. The first reason urged in support of this rule depends on the following facts:

The declaration charged defendant with negligence in the management of certain of its locomotive engines, whereby a building of plaintiff, with its contents and other personal property belonging to him, were destroyed by fire. It avers that the building was upon lands in Middlesex county, yet the venue was laid in Somerset, and the cause was carried down to the latter county for trial.

The proof showed that the building was in fact situated in Middlesex. A motion to non-suit was made on grounds not now relied on. It was not made because of the locality of the real property injured. The demand of defendant at the trial was, that a verdict should be directed for defendant, or the jury should be instructed to consider the injury to the personal property alone.

By the settled construction of sections 229 and 230 of the Practice act (*Rev., p.* 883), plaintiff's action, so far as it sought damages for injuries to real property, was local and to be tried in Middlesex, and so far as it sought damages for injuries to personal property, was transitory, and might be tried in another county. *Ackerson* v. *Erie R. R.,* 2 *Vroom* 309; *Deacon* v. *Shreve,* 3 *Zab.* 204; *Champion* v. *Doughty,* 3 *Harr.* 3; *Mehrhof* v. *Delaware, Lackawanna and Western R. R.,* 22 *Vroom* 56.

But the ground of the action was a single act or omission of defendant. The action thereon for injuries to different species of property was indivisible. Plaintiff could not have brought one action in Middlesex for the injuries to the real estate and another in Somerset for the injuries to the personal property. When he sought to recover for injuries to both species of property, it is clear that he should have laid the venue in Middlesex.

But such an error did not deprive the Supreme Court of jurisdiction. If no sufficient objection was made, and a trial of the issue as it appeared in the record was had, resulting in a verdict, a judgment thereon would be unassailable. The eleventh section of our statute of amendments and jeofails expressly provides that no judgment shall be stayed or reversed " for that there is no right venue, so as the cause was tried by a jury of the proper county or place where the action is laid." *Rev., p.* 11. This clause corresponds with a clause of statute 16 and 17 Car. II., ch. 3, and, construed as that has been, will sustain a judgment on such a verdict. *London* v. *Cole,* 7 *T. R.* 583; *Craft* v. *Boite,* 1 *Saund.* 246, *note.*

Doubtless objections could have been made which would have compelled plaintiff to cure the error into which he had fallen. The error appeared on the face of the pleadings and afforded ground for a demurrer. 1 *Chit. Pl.* 253 ; *Berwick* v. *Ewart*, 2 *W. Bl.* 1068. As it was a substantial departure from the statutory directions, it would seem to be ground for a general demurrer. Nor would such a demurrer have failed because the venue, as to personal property, was transitory, for, as we have seen, the cause of action was indivisible.

A motion to change the venue, or to strike out the declaration as irregular in this respect, would have been effectual.

Whether, after plaintiff had proved the issue, he could have been compulsorily non-suited, admits of question. 1 *Chit. Pl.* 253 ; *Boyes* v. *Hewetson*, 2 *Bing. N. C.* 575.

But the motion to non-suit was not rested on this ground. The motion for instructions to the jury to find a verdict for defendant, or to restrict their consideration to the injuries done to the personal property, was properly refused. The record before the trial judge showed an indivisible issue, and, in the absence of circumstances requiring a non-suit, it was his duty to submit to the jury the whole issue appearing in the record.

The verdict ought not to be disturbed on this ground.

It is further urged that the verdict was contrary to the weight of evidence.

No useful purpose will be served by a review of the case in this aspect. It is sufficient to say, that the evidence upon the question of defendant's liability was conflicting ; it was submitted to the jury with proper cautions, and the jury found defendant to be liable. This verdict does not seem to us to be so opposed to the weight of evidence as to justify us in disturbing it.

The rule must therefore be discharged.