CASE 56—PETITION EQUITY—MAY 29.

# Bullitt, et al v. Eastern Kentucky Land Co.

### APPEAL FROM MENIFEE CIRCUIT COURT

1. RESCISSION OF LAND SALE—RIGHT OF VENDEE TO LIEN.—When a contract for the sale of land is rescinded the vendee has a lien upon any part of the land owned by the vendor, for any sum which he may have paid upon the purchase price, whether the vendee was in possession thereof or not.

2. ACTIONS FOR RESCISSION, AND TO ENFORCE LIEN ON LAND—JURISDICTION.—An action purely for a rescission of a contract for the sale of land is transitory, being an action *in personam;* but when in such an action it is further sought to enforce a lien on land which results from the rescission, then the action becomes local and the jurisdiction is in the county where the land lies, whether the defendants are served with process there or not.

3. LIMITED WARRANTY—EXTENT OF JUDGMENT UPON RESCISSION.— Where two vendors in a contract of sale warranted generally— one as to forty per cent. of the land and the other as to sixty per cent.—upon rescission and judgment against them for what had been paid on the land, the judgment should not have been against them jointly for the full amount, but only against each of them in the proportion named.

4. SPECIAL JUDGE—PRESUMPTION THAT HE HAD THE ORDERS ENTERED. Where a special judge is selected by agreement, or elected to preside in a case, the presumption is that such orders as are entered in the case were made by him, unless the contrary is shown by the record.

W. B. DIXON FOR APPELLANTS.

1. Action for specific performance is transitory. (4 Mon., 436, Austin v. Bodley; 3 J. J. M., 544, Parish v. Oldham; 3 Bush, 135, Page and wife v. McKee.)

2. Action to rescind contract is transitory. (3 Dana, 34, Kendrick v. Wheatley.)

3. Summoning defendants in Menifee county did not give jurisdiction. (4 J. J. M., 393, Gill v. Corbin; 5 J. J. M., 126, Prewitt v.

Graves; 2 Duvall, 182, Duvall v. Parker; 2 Bush, 55, Casey v. Lewis; 3 Met., 459, Fernold v. Spear; 7 Bush, 432, Meguiar v. Rudy; 18 B. M., 136, Dean v. English.)

4. Appellee's prayer for enforcement of a lien did not give jurisdiction. (Litt. S. C., 280, Hayden v. Delay; 3 Mon., 49 Oldham v. Woods; 2 Met., 433, Goghegan v. Ditto, &c.; 4 Bush, 241, Spears v. Sewell; 83 Ky., 565, Ushur's ex'r v. Flood; 88 Ky., 575, Dean v. Cassidy, &c.; 1 Bibb, 277, Scott v. Coleman; 1 Bibb, 313, Bibb v. Prather; 3 A. K. M., 177, Griffith v. Depew; 5 Litt., 92, Mc-Campbell v. McCampbell; 5 Mon., 408, Brown v. East; 6 Mon., 388, Payne v. Wallace; 4 J. J. M., 162, Funk v. McKeonu; 5 Dana, 229, Samuel v. Sayre; 5 Dana, 576, Shepherd v. McIntire; 8 B. M., 566, Rucker v. Abell; 1 Bush, 238, Miller, &c., v. Hall and Wife; 9 Bush, 40, Holtzclaw v. Blackerby, 2 Dana, 113; Vaughan v. Myers; 6 B. M., 120, Barbour v. Meyers' adm'r; 1 Duvall, 34, Allen and wife v. Shortridge, &c.)

5. The burden was on appellee to show jurisdiction. (Code, Sec. 78; 2 Duvall, 540, Ruby v. Grace; 4 Bush, 349, and 5 Id., 506, Dyas v. Lindsey.)

6. Mr. Vanarsdell had authority to act as special judge. (General Statutes, chap. 22, art. 7.)

7. Pleadings did not throw on appellants the burden of proving title. (3 Bibb, 302, French v. Howard; 6 J. J. M., 515; Vittitoe v. Jones, 7 Bush, 7, 8, Davis v. Dycus; 78 Ky., 612; Logan and wife v. Bull, &c.)

8. The rescission was not authorized by the pleadings. (2 Bibb, 567, Finley's ex'r v. Lynch; 4 Bibb, 215, Grant v. Combs; 1 Mon., 168, Cates v. Raleigh; 6 Mon., 282, Grant v. Combs; 3 Dana, 25, Pollock v. Wilson; 8 B. M., 123, Winston v. Gwathmey's heirs; 3 Mon., 517, Durrett v. Simpson's rep's; 3 J. J. M., 663, Lytle v. Breckenridge; 5 B. M., 416, Wills v. Porter.)

THOS. W. BULLITT ON SAME SIDE.

1. Upon *amended petitions, no process* having been issued or served upon the appellants, under the code they were not bound to take notice of the filing. Furthermore filing of such pleadings could only be authorized by the special judge who had been agreed upon as judge by the parties.

2. Evidence pertaining to property particularly described in the deeds obtained from the several parties, is incompetent; it fails to identify said property as the property sold by appellants to appellee. Furthermore, depositions in regard to surveyor's plat are incompetent because they fail to show the correctness of said plat.

3. Evidence pertaining to certain special pleadings is incompetent, because: 1st. The appellee by its original or amended petition fails to pray that appellants be required to interplead with their co-defendants or that the latter be required to interplead with the appellants. 2d. By the failure of any of the answers to be made cross petitions, there is in fact no interpleader between these parties. 3d. The judgment recites as the basis in part for its rendition that certain of the co-defendants (named), and others (not named), were in possession of a material part of the land sold by appellants, but, (1) It is not alleged in any pleading that certain of the co-defendants (named), were ever in possession of any part of said land. (2) Other co-defendants (named) the principal claimants, were first made defendants after appellants' answer had been filed and on said amended petition *no process* was served. (3) Another co-defendant (named), was first made defendant by an amended petition filed, on which no process was served on appellants. (4) The judgment in reference to other co-defendants (named), fails to define what part of said land they were in possession of.

4. The answer of the appellants traversed every material allegation of the petition. The appellee took no proof in support of it and gave no notice to take depositions. Giving notice to take depositions on behalf of parties with whom appellants had no controversy and afterwards attempting to use them in behalf of appellees would result in a fraud upon appellants.

5. By the reading of the contract in which the appellants are expressly exempted from the obligation of conveying any particular quantity of land, and in which it is furthermore provided that if the land shall fall short of a certain number of acres, appellee is to pay for only so much as good title may be given to, although if land should run over said certain number of acres, the appellee only pays a fixed sum named in contract, therefore it was in contemplation of the parties that there might be a shortage; and that being the case, such shortage is not a ground for cancellation of contract

A. T. WOOD FOR APPELLEE.

1. After judgment by default, defendants having been summoned in another county, subject themselves to the jurisdiction of the court for all purposes by motion to vacate and set aside such judgment.

2. An action for specific performance of a contract for sale of land and for a judgment for purchase money paid, with a lien on whatever lands vendor owned in tae boundary, must be brought

Bullitt, et al v. Eastern Kentucky Land Co.

in the county where the land lies, and the court having jurisdiction for enforcing the contract also has jurisdiction to render a personal judgment for purchase money, although defendant was not summoned in the county. (93 Ky., 6.)

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

By executory contracts the Bullitts conveyed to the Eastern Kentucky Land Co., a boundary of land situate in Menifee county, supposed to contain 3,000 acres, for the sum of $5,000—$2,500 was cash and the balance was to be paid under certain conditions of the contract.. If there were less than 3,000 acres in the boundary then the price was to be at a given sum per acre, and in no event was the price for the whole boundary to be more than $5,000. This action was instituted by the appellee in the Menifee Circuit Court to rescind the contract to recover the sum paid thereon and to enforce a lien therefor on whatever part of the boundary of land which belonged to the Bullitts.

The contract required the vendors to free the land of squatters and place the vendee in possession of it. It was alleged that the vendors had failed to do either; that parts of the land were in possession of squatters; that the vendees could not comply with the terms of the contract by making a deed with covenants of general warranty, etc. The alleged squatters were made defendants to the action and served with process in Menifee county. The Bullitts, who resided in Jefferson county, were served with process in that county. If the contract was rescinded and any part of the land embraced in the contract belonged to the vendors we are of the opinion the vendee had a lien thereon to reimburse it for any sum which it had paid the vendors on the purchase money, notwithstanding the vendor failed to place it in possession of the land. In many cases in this court where the

vendee had taken possession of land under a purchase, and afterwards the court rescinded the contract, the vendee was adjudged a lien for such purchase money as he had paid the vendor. In these cases the court recited the fact in its opinion that the vendee was in possession under his purchase.

While the court recited the fact of the vendee's possession it did not hold in terms that the vendee would not have been entitled to the lien except for such possession.

One who enters upon land under a parol contract can not maintain an action to enforce it, but he has a lien upon it for whatever he may have paid for or improvements made on it. (Speers v. Sewell, 4 Bush, 239; Usher's ex'or v. Floyd, 83 Ky., 563.)

It is a resisting equity, and the court will not deprive the vendee of his possession until he is reimbursed. In such states of case courts of equity endeavor to place the parties in *statu quo* as it does in cases of rescission of contracts of sales of land. We can see no reason for the rule which would deny a vendee a lien upon the land for the money he had paid the vendor simply because the vendor had broken his contract in failing to place the vendee in possession of the land. The equitable title to whatever land the vendors actually owned within the boundary sold was conveyed to the vendee. If there is a rescission of the contract the vendee should not be compelled to surrender this equitable title to the land until it has been reimbursed the sum paid the vendor.

In Bibb v. Prather, 1 Bibb, 316, it does not appear whether or not the vendee had been placed in possession of the land. The contract was rescinded and the court adjudged that the lien existed.

In Miller v. Hall, 1 Bush, 237, the inference is that the bidder at a judicial sale did not get possession of the land, but the court held that for the money he paid before the judgment under which the sale was made was superceded or appealed from he was entitled to a lien on the land.

In Vaughn v. Myers, 2 Dana, 113, the conveyance was set aside which was made under a sale by the sheriff under an execution against Myers, and the court held as Myers was insolvent it was proper to allow Vaughn (the purchaser) a lien on the land conveyed to him to recover the payment of the sum paid by him to the sheriff. The vendee does not appear to have been in possession of the land, but as Myers was insolvent the court adjudged the lien. The question of possession did not enter into the consideration of the case. The court, in adjudging a rescission and allowing a lien to the vendee for reimbursement in Barbour v. Morris' adm'r, 6 B. M., 120, did not state whether or not the vendee was in possession, and, of course, did not adjudge the lien because the vendee was in possession of the land. An action purely for a rescission of a contract of sale of land or its specific execution is transitory—not *in rem* but *in personam.* (Kendrick v. Wheatley, 3 Dana, 34; Parish v. Oldham, 3 J. J. M., 544.)

When in the action it is sought to enforce a lien on land which results .from the rescission then the action becomes local.

In Kendrick v. Wheatley, *supra,* the court held that the action could not be maintained in the county where the land was situated as the defendants neither resided in that county, nor were they served with process therein, and that the allegations of the bill were not sufficient to authorize a decree for the sale of the land. It was alleged that the

vendor of the land had *no title* to it.   Certainly if the vendor
had no title to the land there could not be a lien adjudged
upon it, hence the court would not be authorized to decree a
sale of land belonging to one other than the vendor.   In this
case it was not alleged in the petition that the vendors had
*no title* to the land, but that squatters were in possession of
and claiming a part of it.   It follows that some part of it is
conceded to have been the property of the vendors, and upon
which a lien could be adjudged and enforced.   The petition
was not as definite as it should have been, but the court upon
motion, would have compelled the plaintiff to have made it
more so.

"Action must be brought in the county in which the sub-
ject of the action or some part thereof is situated.   *   * 3.
For the sale of real property.   *   * under a mortgage lien
or other encumbrance or charge except for debts of a de-
cedent."   (Section 62, Civil Code.)

Having reached the conclusion that there is a lien upon
part of the boundary sold if a rescission was adjudged, there-
fore, the Menifee Circuit Court had jurisdiction.   We can
not believe that the vendee should be required to bring its
action in Jefferson county or some county in which
the vendors could be served with process, and if it succeeded
in having the contract rescinded then to bring another
action in Menifee county to enforce its lien.

The plaintiff failed to take any testimony to sustain the
allegations of its petition as amended.   The report of the
surveyor simply showed the boundaries of the tracts of land
sold by the Bullitts to the plaintiff and the boundaries
claimed by the defendants (other than the Bullitts) within
that boundary.   It was not evidence of the character of the
claims of the several defendants to their respective bound-

aries. It did not furnish evidence that their claims were valid or adverse to the Bullitts' title. The depositions taken by the defendants could not be used against their co-defendants, the Bullitts. It follows from these conclusions that the evidence did not authorize the judgment.

In the contract of sale T. W. Bullitt warranted generally as to 40 per cent. of the land, and Joshua F. Bullitt as to 60 per cent. of it. The judgment for $2,500 and interest was against them jointly and did not specify what part each should pay. This was an error. If upon a return of the case the court should rescind the contract then the court should adjudge that T. W. Bullitt should pay 40 per cent. of the amount and Joshua F. Bullitt 60 per cent. of it. When from any cause the regular judge can not act and a special judge is selected by agreement of the parties, or elected to preside in the case, then such orders as are made in the case are presumed to have been made by such judge unless the contrary appears in the record. If such special judge fails to attend and try the case an election can be held to select another special judge for the purpose. Upon a return of this case either may amend their pleadings or file such additional ones as the court may deem necessary to complete the issues.

The case is reversed, with directions that further proceedings conform to this opinion.