[No. 5028.]
[No. 2582 C. A.]

BURTON v. GRAHAM.

Venue—Personal Privilege—Waiver.

Under Colorado Civil Code §25, providing that actions to
foreclose mortgages shall be tried in the county in which the
property is located, the right to have the action tried in such
county is a personal privilege, and not a vested right, which the
mortgagor can assert or waive at his election; and where such
an action is brought in a county other than that in which the
property is located, the failure of the defendant to assert his

right to have the place of trial changed, until more than 80 days after he has entered a general appearance, is a waiver of that right.—P. 200.

*Appeal from the District Court of Pueblo County. Hon. John H. Voorhees, Judge.*

Action by W. L. Graham, as trustee, and others, against Byron B. Burton. From a judgment for plaintiff, defendant appeals.          *Affirmed.*

Mr. JAS. T. LOCKE, for appellant.

Messrs. DEVINE & DUBBS, for appellee.

CHIEF JUSTICE GABBERT delivered the opinion of the court:

Appellees commenced an action in the district court of Pueblo county to foreclose a mortgage upon lands situate in the county of Fremont. To this action, appellant was made party defendant. The complaint was filed on the 26th day of January, 1901. Thereafter the defendant appeared and filed a general demurrer on the 11th day of March, 1901, and on the 31st day of May following filed a motion to change the place of trial to the county of Fremont, upon the ground that the real property described in the mortgage was wholly situate within the county of Fremont. This motion was denied. Subsequently such proceedings were had that final judgment was rendered in the action. Defendant brings the case here for review on error.

Section 25 of our Civil Code provides that actions for the foreclosure of mortgages on real property shall be tried in the county in which such property is located. The fact that the action was brought in a county other than the one in which the real property was situate did not affect the jurisdiction of the court to hear and determine the case unless the defendant moved to change the place of trial. The defendant

had the right, if he saw fit to exercise it, to have the cause transferred to the district court of Fremont county. This was a personal privilege and not a vested right, which he could assert or waive at his election.—4 Enc. Pl. & Pr., 383. If, then, in the circumstances of this case, he waived that privilege, the trial court did not err in refusing to change the place of trial. It has been repeatedly held that unless the defendant in an action brought in a county other than where it may be tried asserts his privilege in apt time to change the place of trial to the county provided by the code, that such privilege is waived. What is considered "apt time" must be determined by the circumstances of each particular case in which the question arises. It would be impossible to formulate a rule which would serve as a guide in all cases. The defendant entered a general appearance, indicating no intention whatever to exercise his right to have the place of trial changed to the county of Fremont. He took no steps to bring that matter to the attention of the court, or advised the plaintiffs in the action that he intended to assert his right under the code, until upwards of eighty days thereafter. This would certainly indicate a purpose on his part to submit the case in all its phases to the court in which the action was brought. We are, therefore, of the opinion that, in the circumstances of this case, the defendant waived his right to a change of the place of trial, and the court did not err in overruling his motion for such change. —*Fletcher et al. v. Stowell*, 17 Colo. 94; *Smith v. Morrill*, 12 Colo. App. 333.

The judgment of the district court is affirmed.

*Affirmed.*

Mr. JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.