Gillen v. Ill. Cent. Ry. Co.

CASE 48.—ACTION BY CORA L. GILLEN AGAINST ILLINOIS
CENTRAL RAILROAD COMPANY.—March 4, 1910.

## Gillen v. Ill. Cent. Ry Co.

Appeal from McCracken Circuit Court.

W. M. REED, Circuit Judge.

From a judgment of dismissal for want of juris-
diction plaintiff appeals.—Reversed.

1. Railroads—Injury by Fire—Venue of Action.—Civ. Code Prac.
   sec. 62, providing that an action for an injury to real prop-
   erty must be brought in the county in which the subject of
   the action or some part thereof is situated, regulates the
   venue of actions relating to injury to land, and section 73,
   fixing the venue of actions against carriers, only covers other
   actions than those made local by section 62, so that an ac-
   tion against a railroad for the destruction of fences and tim-
   ber by fire must be brought in the county where the land is
   situated.

2. Venue—Statutes.—The purpose of Civ. Code Prac. Secs. 62-
   77, defining the venue of actions concerning real property
   and for the recovery of fines, forfeitures, etc., is not to reg-
   ulate the jurisdiction of courts, but they simply regulate the
   procedure in civil actions by determining the venue of ac-
   tions.

3. Venue—Objections—Waiver—"Special Demurrer."—Where de-
   fendant answered to the merits, though the action was
   brought in a county other than that in which the land in-
   jured was situated, notwithstanding Civ. Code Prac. Sec. 62,
   providing that an action for injury to real property must
   be brought in the county where the same is situated,
   the objection of want of jurisdiction of the court, possess-
   ing under Ky. St. Sec. 966, general jurisdiction, was waived
   under Civ. Code Prac. Secs. 92, 118, defining a "special de-
   murrer" as an objection to a pleading showing that the court
   has no jurisdiction, etc., and that a failure to raise the ob-
   jection is a waiver thereof.

4. Venue—Objections—Waiver.—Where an action for the re-
   covery of money within the jurisdiction of the court is not

brought in the proper county as fixed by Civ. Code Prac. Secs. 62-77, the action may be dismissed, where the objection is properly taken; but, where defendant does not object to the venue, the matter is waived.

MILLER & MILLER for appellant.

WHEELER, HUGHES & BERRY for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

Cora L. Gillen brought this suit in the McCracken circuit court against the Illinois Central Railroad Company. She alleged in her petition that in September and October of 1908 the defendant negligently permitted combustible material to be upon its track and right of way, and thus started a fire which spread upon certain lands owned by her adjoining the right of way, destroying her fences and timber, to her damage in the sum of $800. The petition was filed on April 24, 1909. On May 18th the defendant filed answer, which was a traverse of the petition. On May 27th the plaintiff filed an amended petition charging that the defendant negligently failed to have its engines equipped with proper spark arresters and negligently operated its engines. The defendant thereupon asked a continuance of the case at the plaintiff's cost which was ordered. At the next term of the court, the defendant offered to confess judgment for $165, which was refused. A jury was then called and the trial was begun. A number of witnesses were examined on behalf of the plaintiff, and, it appearing from the evidence that no part of the land lay in McCracken county, the defendant tendered an amended answer pleading this fact. The

court allowed the amended answer to be filed, and thereupon dismissed the action without prejudice for want of jurisdiction. The plaintiff appeals.

Section 62 of the Civil Code of Practice is in these words: "Actions must be brought in the county in which the subject of the action, or some part thereof, is situated—(1) For the recovery of real property, or of an estate or interest therein. (2) For the partition of real property except as is provided in section 66. (3) For the sale of real property under title 10, chapter 14, or under a mortgage, lien or other encumbrance or charge, except for debts of a decedent. (4) For an injury to real property."

The ground of the court's ruling is that the action is for an injury to real property; and therefore, under this section, the McCracken circuit court is without jurisdiction. The plaintiff insists, however, that the McCracken circuit court had jurisdiction under section 73, regulating actions against carriers. The concluding part of that section is as follows: "An action against such carrier for an injury to a passenger, or to other person or his property, must be brought in the county in which the defendant, or either of several defendants, resides; or in which the plaintiff or his property is injured; or in which he resides, if he reside in a county into which the carrier passes." We do not concur in this view. Section 62 regulates actions relating to land. Section 73 covers other actions than those made local by section 62. It was not intended that an action to recover a tract of land, if brought against a carrier, might be brought in a county other than that in which the land lies; for the occupation of the defendant would in no manner affect the character of the action.

It is also insisted for the plaintiff that the objection to the jurisdiction of the McCracken circuit court in the case was waived by the defendant answering to the merits, and going into the trial without making the question. A determination of this matter turns on the proper construction of the provisions of the Code when read in connection with the statutes regulating the jurisdiction of courts. Section 62 is a part of title 5, which regulates the county in which an action must or may be brought. Some light will be thrown on the meaning of the section when it is read in connection with the other sections of the title. By section 63 an action for a fine or forfeiture, or against an officer or on his official bond, must be brought in the county where the cause of action arose. By section 64 a proceeding to establish or set aside a will must be brought in the county in which the will, if valid, should be recorded. By section 65 an action to settle the estate of a deceased person must be brought in the county in which the representative qualified. By section 66 an action for the distribution of the estate must be brought in that county. By section 67 an action by a ward against his guardian must be brought in the county in which the guardian qualified. By section 68 an action against the commissioners of the sinking fund or the board of education must be brought in Franklin county. By section 69 an action against a prisoner or an inmate of an insane asylum must be brought in certain counties. By section 70 an action upon a return of no property found must be brought in the county in which the judgment is rendered or in which the defendant resides or is summoned. By section 71 an action against an incorporated bank or an insurance company must be brought in certain

counties. By section 72 actions against corporations must be brought in certain counties. By section 73 actions against carriers must be brought in certain counties. By section 74 an action for an injury to the person or for slander or libel must be brought in certain counties. By section 75 an action against a nonresident must be brought in certain counties. By section 76 an action for alimony or divorce must be brought in certain counties. And by section 77 an action against a contractor for public work must be brought in certain counties. The remaining sections of the article regulate actions which are not otherwise provided for. It will thus be seen that actions for the recovery of money are required to be brought in certain counties under sections 62, 63, 66, 67, 68, 70, 71, 72, 73, 74, 75, 76 and 77.

The jurisdiction of courts is regulated by the Kentucky statutes. Certain jurisdiction is conferred on the courts inferior to the circuit courts. Their jurisdiction is defined in section 966: ''The circuit court shall be a court of record and shall have original jurisdiction of all matters, both in law and equity, of which jurisdiction is not exclusively delegated to some other tribunal, and shall have jurisdiction in all cases where the title to land is in question, or in which it is sought to enforce a lien upon, or to subject, land by provisional remedy to the payment of debt.'' Section 92 of the Code provides: ''A special demurrer is an objection to a pleading which shows —(1) That the court has no jurisdiction of the defendant or of the subject of the action; or (2) that the plaintiff has no legal capacity to sue; or (3) that another action is pending in this state between the same parties, for the same cause; or (4) that there is a defect of parties, plaintiff and defendant. Either

of said grounds of objection, shown to exist  by  a
pleading, is waived, unless distinctly specified by a
demurrer thereto, except the objection to the juris-
diction of the court of the subject of  the  action,
which objection is not waived by failing so to make
it; but a party failing so to make it when or before
he files a pleading other than a demurrer, is liable
for all costs resulting from such failure." Section
118 also provides: "A party may, by an answer or
other proper pleading, make any of the objections
mentioned in section 92, the existence of which is not
shown by the pleading of his adversary; and failure
so to do is a waiver of any of said objections, except
that to the jurisdiction of the court of the subject of
the action."

Under these provisions, if the suit had been brought
in the McCracken quarterly court, the amount sued
for being $800, and not within the jurisdiction of that
court, it would have had no jurisdiction of the sub-
ject of the action, and the objection to its jurisdiction
would not have been waived by the failure to make
it by demurrer or answer. But the subject of the
action is simply a sum of money within the jurisdic-
tion of the circuit court. Practically the same lan-
guage is used in sections 63-77 as in section 62; and
we do not see that a distinction can be drawn be-
tween actions brought under section 62 for the re-
covery of money, and an action for  its  recovery
under the succeeding sections. In Johnson v. John-
son, 12 Bush, 485, the court had before it an action
for divorce not brought in the right county, as re-
quired by section 76; but no objection was made
until after the proof was taken and the case was
submitted. It was held that the objection was waived.
This ruling was followed in Tudor v. Tudor, 101 Ky.

530, 41 S. W. 768, 19 Ky. Law Rep. 747.   In Norton
v. Marksberry, 9 Ky. Law Rep. 424, the court had
before it a judgment in an action for the distribution
of a decedents' estate, which it was urged had not
been brought in the proper county as required by
section 66.   The judgment was held valid.   The court
said:   "As before stated, the Grant circuit court had
general jurisdiction of the subject of the actions, and
if Hannah Norton, as administratrix, and the children,
had the right to have said actions localized, as
a personal right, under the provisions of the Code,
they certainly had the right to waive and did waive
that right by appearing, without objection and de-
fending the actions upon their merits, and seeking
personal relief by cross-actions.   Therefore the judg-
ments, rendered in these actions, are valid."

A like question has often arisen where actions
against a carrier under section 73, or against a cor-
poration under section 72, were brought in the wrong
county; and it has been uniformly held that the ob-
jection was waived by answer to the merits.   C., O.
& S. W. R. Co. v. Heath, 87 Ky. 659, 9 S. W. 832, 10
Ky. Law Rep. 646; I. C. R. R. Co. v. Glover, 71 S. W.
630, 24 Ky. Law Rep. 1447; Royer Wheel Co. v. Dun-
bar, 76 S. W. 366, 25 Ky. Law Rep. 746.   These de-
cisions follow the rule laid down by this court under
the old Code.   Baker v. L. & N. R. R. Co., 4 Bush,
619.   We do not see how a practical distinction can
be made between an action against a carrier to re-
cover money for the negligent destruction of property
under section 73, and a like action against the same
carrier under section 62.   If in one case the objection
to the venue will be waived, we cannot see why it
will not be waived in the other.   Practically,   the
question we have here before us was before   the

Court of Appeals of New York in Sentenis v. Ladew, 140 N. Y. 463, 35 N. E. 650, 37 Am. St. Rep. 569. The rule is steadily maintained in New York that an action cannot be maintained there for an injury to land in another state; but in that case the defendant answered to the merits without making the objection, and the court held it was thus waived. After stating the general rule as above indicated, it said: "But a party may waive a rule of law or a statute, or even a constitutional provision enacted for his benefit or protection, where it is exclusively a matter of private right, and no consideration of public policy or morals are involved, and, having once done so, he cannot subsequently invoke its protection. Lee v. Tillotson, 24 Wend. 337 [35 Am. Dec. 624]; Embury v. Conner, 3 N. Y. 511 [53 Am. Dec. 325]; Matter of Cooper, 93 N. Y. 507. If the court acquires jurisdiction of the persons of the parties by due personal service of process, or by their voluntary appearance and submission to its jurisdiction and the defendant makes no objection to the authority of the court to hear the cause, and the parties proceed to a trial upon the merits, the judgment rendered would be neither void nor voidable for want of jurisdiction, but would be binding and conclusive upon the parties. The rule of law which the courts will enforce in this class of cases when objection is duly and reasonably made, is waived by the plaintiff when he brings the action; and by the defendant if he pleads generally and goes to trial without insisting upon its benefits."

The Supreme Court of Texas, in De La Vega v. League, 64 Tex. 214, under a statute similar to section 62 of the Code, had before it the question whether an objection of this sort was waived by a trial on the merits. Disposing of it, the court said: "Every dis-

trict court in the state has cognizance of such suits. The requirement as to the county in which the suit may be brought is a mere personal privilege granted to the parties, which may be waived like any other privilege of this character.''

In Blackford v. Lehigh Valley Railway Company, 53 N. J. Law, 56, 20 Atl. 735, the court had before it an action brought in the wrong county for an injury to land, where no objection was made until a trial on the merits. The objection was held waived. The same conclusion was reached in Pennsylvania. Magee v. Penn., etc., R. R. Co., 13 Pa. Super. Ct. 187.

In Gay, etc., v. Brierfield Coal & Iron Co., 94 Ala. 303, 11 South. 353, 16 L. R. A. 564, 33 Am. St. Rep. 122, an action was brought to foreclose a mortgage on land in a county in which the land did not lie. The defendant appeared and consented to a change of venue. It was held that he thus waived his objection to the action having been brought in the wrong county. In Snyder v. Pike, 30 Utah, 102, 83 Pac. 692, and Burton v. Graham, 36 Colo. 199, 84 Pac. 978, it was held that the defendant waived his objection, that an action was not brought in the proper county to enforce a lien on land, by appearing and defending. In Lyon v. Waggoner, 37 Tex. Civ. App. 205, 83 S. W. 46, the venue was changed by consent, and it was held that the plaintiff was not thereafter entitled to have the action transferred to the county in which he land lay.

The principle announced by the New York court has been often recognized by this court. It has been often held that, if a person is within the jurisdiction of the courts of this state, a judgment or decree may be ordered which enforces merely a personal

liability,· although the land may lie in another state. Thus it is held that an action to compel a conveyance of land may be brought in Kentucky, although the land lies elsewhere. McQuerry v. Gilliland, 89 Ky. 434, 12 S. W. 1037, 11 Ky. Law Rep. 656, 7 L. R. A. 454; Dicken· v. King, 3 J. J. Marshall, 591. The same rule has been laid down ·as to a suit for a rescission or a specific execution of a contract relating to land, although the land lies in another state. Kendrick v. Wheatley, 3 Dana, 34; Williams v. Carter, 3 Dana, 198. It has also been held that, where the defendant resides in the county in which the suit is brought to sell land under a lien, the land may be sold, although it lies in another county. Webb v. Wright, 2 Bush, 126; Doty v. Deposit, etc., Ass'n, 103 Ky. 710, 46 S. W. 219, 47 S. W. 433, 20 Ky. Law Rep. 625, 43 L. R. A. 551, 554. See, also, Dawkins v. Hough, 112 Ky. 855, 66 S. W. 1047, 23 Ky. Law Rep. 1997. If the circuit court in one county is without jurisdiction to sell land in another county under a lien, then the fact that it had jurisdiction of the defendant could not confer jurisdiction to sell the land. The ruling, therefore, that the court, when it has the parties before it, may order a sale of land in another county, is in the end based upon the ground that the matter is within the jurisdiction of the court.

The purpose of sections 62-77 of the Code is not to regulate the jurisdiction of courts. The Code of Practice does not treat of the jurisdiction of courts or attempt to regulate it. It simply regulates the procedure in civil actions. The purpose of these sections of the Code, as shown in the title, is to regulate the county in which the action may be brought; or, in other words, the venue of actions. If an action under

any of these sections for the recovery of money within the jurisdiction of the court is not brought in the proper county, it may be dismissed if the objection is properly taken; but, if the defendant does not object to the venue, the matter is waived.

For these reasons, we conclude that the McCracken circuit court was not without jurisdiction of the subject of the action, and that the objection to the venue of the action had been waived.

Judgment reversed, and cause remanded for further proceedings consistent herewith.