**D. C. CAUDILL, Appellant,**

v.

**W. P. LITTLE, Appellee.**

Court of Appeals of Kentucky.

Sept. 28, 1956.

Paul H. Mansfield, Rufus Lisle, Lexington, for appellant.

James Park, Frank G. Trimble, Jr., Lexington, for appellee.

STANLEY, Commissioner.

This is an appeal from a judgment of the Fayette Circuit Court directing specific performance of a contract to convey such interest in land as the vendor possesses. The land is located in Fayette County. The defendant, now appellant, D. C. Caudill, resides and was served with summons in Rowan County. The defendant challenged the venue. The court ruled that the venue was in Fayette County and decided the case on its merits. There is no need to consider the merits since we conclude that the Fayette Circuit Court was without jurisdiction.

It is quite surprising that this particular question of venue, as between counties, of a suit for specific performance of a contract to convey land has not been directly decided by this court since the adoption of the Code of Practice in 1851. Before that time the court held that such an action being in personam and "altogether transitory" the court of the county in which the land was located had no jurisdiction where the defendant was summoned out of that coun-

ty. Parrish v. Oldham, 1830, 3 J.J.Mar. 544, 26 Ky. 544; Kendrick v. Wheatley, 1835, 3 Dana 34, 33 Ky. 34. The decisions were in accord with the maxim and principle that a decree in chancery, unaided by statute, operates in personam and not in rem. See Davey Tree Expert Co. v. Ackelbein, 233 Ky. 115, 25 S.W.2d 62. However, we have cases under the Code relating to transactions so similar in character as to be practically controlling, and there are incidental references in the opinions to suits for specific performance. The question directly presented here is whether the Code provisions, now incorporated in the statutes, changed the venue or place of jurisdiction for a straight-out suit for specific performance.

KRS 452.400, formerly Sec. 62, Civil Code of Practice, declares that certain actions concerning real estate "must be brought in the county in which the subject of the action, or some part thereof, is situated: (1) For the recovery of real property, or of an estate or interest therein", and other purposes. Following this and a series of sections designating venue for other actions, KRS 452.480, formerly Sec. 78, Civil Code of Practice declares all other actions are transitory and fixes venue for the same "in any county in which the defendant, or in which one of several defendants, who may be properly joined as such in the action, resides or is summoned."

In the highly authoritative work of Newman's Pleading and Practice (the first edition of which was published not long after the adoption of the Code) it is said, with reference to the Code provisions distinguishing local and transitory actions and the general rule of equity, that "where the judgment or decree is for the doing of an act in reference to the property which might be done anywhere, as for the conveyance of the title to land or the payment of money, the proceeding is in personam, and the jurisdiction attaches in the county where the defendant resides or can be served with process." The author adds,

"The Code does but reaffirm the former law on this subject, especially in reference to real property." Sec. 24.

We have held under the Code provisions that an action for specific performance of a contract to convey land situated in Iowa, could be maintained in Kentucky where the defendant resided. McQuerry v. Gilleland, 89 Ky. 434, 12 S.W. 1037, 11 Ky.Law Rep. 656, 7 L.R.A. 454. Following the McQuerry case, it was held in Thompson v. Elmore, 18 S.W. 235, 13 Ky.Law Rep. 692, that a suit for rescission of a contract for the purchase of land was not made local by Sec. 62 of the Code. However, the action is local to the county in which the land is situated if in connection with rescission of the contract a lien on the land is sought to be enforced. Bullitt v. Eastern Kentucky Land Co., 99 Ky. 324, 36 S.W. 16, 18 Ky.Law Rep. 230.

In Central Ky. Natural Gas Co. v. Stevens, 134 Ky. 306, 120 S.W. 282, it was held that a suit to recover royalty under a gas and oil lease is transitory even though the issues involve title to land. In Campbell v. W. M. Ritter Lumber Co., 140 Ky. 312, 131 S.W. 20, it was held that a Kentucky court had jurisdiction in an action for damages to buildings located in Virginia which had been leased to the defendant, the same being an action for breach of contract and transitory. See also Gillen v. Illinois Cent. Railroad Co., 137 Ky. 375, 125 S.W. 1047, for a discussion of the construction of the Code provisions regulating venue.

While our new Civil Rules of Practice and Procedure abolish distinctions between a suit in equity and an action at law and provide that there shall be but one form of action, Rule 2, the Rules do not affect the distinctions or rights of adjudication as between equity and law, Clay, CR 2, Comment 2, nor control the venue.

We conclude, therefore, that the trial court should have sustained the mo-

tion to quash the summons, which, as stated, was served in another county, and, accordingly, have ruled that the Fayette Circuit Court was without jurisdiction of the person.

Judgment reversed.