**Mitchell S. KAPLON, Appellant,**

v.

**Shauna CHASE, Appellee.**

Court of Appeals of Kentucky.

May 24, 1985.

Donald H. Smith, Louisville, for appellant.

Gerald R. Toner, Ogden, Robertson & Marshall, Louisville, for appellee.

Before COMBS, HOWARD and LESTER, JJ.

COMBS, Judge.

This is an appeal from the judgment of the Jefferson Circuit Court which awarded appellee title to a 1981 Volkswagen and created a constructive trust for appellee's benefit in real estate located in Michigan.

Appellant challenges the trial court's jurisdiction over what he characterizes as a claim pertaining to Michigan real estate, attacks its findings of fact, and charges the lower court with reversible error in vesting ownership of the car in appellee.

Appellant grew acquainted with appellee in 1971 when he married her mother, Marcella. After the marriage, Marcella became the family's primary wage earner, while appellant worked less and less. In fact, appellant reported no income in 1975.

By that time, appellee and her now-deceased brother had accumulated over $38,000.00 from their natural father's estate, and from fire insurance proceeds on separately acquired property. Because their mother and appellant had no assets or savings, appellee and her brother advanced them the $38,000.00 to purchase a home in Holland, Michigan. The evidence presented at trial shows that the property was acquired for the benefit of appellee and her brother, not in terms of cash value but in terms of real property to be turned over to them.

The marriage between appellant and Marcella deteriorated, and appellant moved out of the home in 1981. After the separation, Marcella bought the disputed automobile with money provided in part by appellee and initiated divorce proceedings against appellant, but she died before the decree became final. Although appellant moved back into the house after Marcella's death, appellee continued to make the mortgage payments because appellant was unemployed. The record indicates that appellant may have tried to quitclaim the property during that time.

Appellant, a Michigan resident, brought this action against appellee, a Kentucky resident, in the Jefferson Circuit Court, to recover possession of Marcella's automobile. Appellee answered that she was the car's legal owner, and submitted a counterclaim for the monies that she and her deceased brother had advanced appellant and Marcella to purchase the Michigan property.

Appellant did not appear at trial, either in person or through counsel. After dismissing appellant's complaint and awarding appellee ownership of the Volkswagen, the trial court went on to consider her counterclaim. Appellee's proof consisted of her own testimony, appellant's deposition, bank records, tax returns, and documents authored by her deceased mother. Based on all the evidence, the lower court held that a constructive trust arose when appellant and Marcella took legal title to the Michigan property, utilizing funds belonging to appellee and her brother in return for a promise that the children would share a joint beneficial interest in the house. Although the Kaplons' acquisition of title was not wrongful, the lower court concluded that appellant's retention of the property showed a fraudulent intent to abuse the confidential relationship between parent and child. Accordingly, the trial court imposed a constructive trust on an undivided one-half interest in the property for appellee's benefit, representing her proportionate contribution to its purchase. The remaining trust interest belonged to appellee's brother, but the trial court found that his estate passed to Marcella on his death, and became part of her estate on her subsequent death. For this reason, the lower court ruled that appellee's right in her brother's trust interest should be settled by the courts of Michigan.

Appellant challenges the trial court's creation of a constructive trust on the theory that the court lacked subject matter jurisdiction over the Michigan property. Appellant argues that subject matter jurisdiction cannot be waived, so his voluntary participation in this action did not empower the lower court to determine title to the Michigan property.

■ Appellant correctly points out that Kentucky courts have no power to settle title or possessory rights to land located outside Kentucky. However, this is not a suit to quiet title or secure possession of real property. This is an action to create a constructive trust between the parties. An action to create a constructive trust proceeds in personam. 76 Am.Jur.2d *Trusts,* § 569 (1975). If a court has jurisdiction over the parties, then it is competent to entertain a suit to establish a trust, although the trust pertains to land in another state. 27 Am.Jur.2d *Equity,* § 17 (1966).

These basic legal principles are nothing new to the courts of this commonwealth. In *McQuerry v. Gilleland,* 89 Ky. 434, 12 S.W. 1037 (1890), the court approved the trial court's finding that McQuerry held lands located in Iowa in trust for the Gillelands. The court observed that an action to establish a trust with respect to land proceeds in personam, so "in case of fraud or trust or of contract, the jurisdiction of [a court] is sustainable wherever the person be found, although lands not within the jurisdiction of that court may be affected by the decree." *Id.* at 1038, quoting *Massie v. Watts,* 10 U.S. 148, 6 Cranch 148, 3 L.Ed. 181 (1910). *See also, Caudill v. Little,* Ky., 293 S.W.2d 881 (1956).

■ In the case at hand, appellant placed himself within the jurisdiction of our courts by initiating this action in Jefferson Circuit Court. Since the trial court had personal jurisdiction over both parties, it was fully competent to create a constructive trust in equity based on the dealings between the parties.

Appellant next charges the trial court with reversible error in creating a constructive trust on the facts before it. Appellant reasons that the proof does not justify the remedy because there was no evidence that Marcella and appellant defrauded their children at the time the property was purchased.

■ We think appellant waived his right to attack the proof at trial by failing to appear and present his own version of the facts to the trial court. The function of the Court of Appeals is to review possible errors made by the trial court, but if the trial court had no opportunity to rule on the question, there is no alleged error for this court to review. *See Payne v. Hall,* Ky., 423 S.W.2d 530 (1968). *See also* CR 59.06.

■ Even if appellant has not waived his claim of error, there is overwhelming legal and factual support in the record for the lower court's decision. In brief, the lower court noted that a constructive trust is an equitable remedy which provides relief from a fraud or breach of confidence. *O'Bryan v. Bickett,* Ky., 419 S.W.2d 726 (1967). The fraud may occur in any form of unconscionable conduct; taking advantage of one's weaknesses or necessities, or in any way violating equity in good conscience. *St. Louis and S.F.R. Co. v. Spiller,* 274 U.S. 304, 47 S.Ct. 635, 71 L.Ed. 1060 (1927). For example, a constructive trust arises when a person entitled to property is under the equitable duty to convey it to another because he would be unjustly enriched if he were permitted to retain it. *Becker v. Neurath,* 149 Ky. 421, 149 S.W. 857 (1912). The injured party is not required to show actual fraud to support a constructive trust. As our highest court observed in *Hull v. Simon,* 278 Ky. 442, 128 S.W.2d 954, 958 (1939):

Constructive trusts are such as are raised by equity in respect of property which has been acquired by fraud, or where, though acquired originally without fraud, it is against equity that it should be retained by him who holds it.

In the case before us, appellant's acquisition of title was not wrongful, but he would be unjustly enriched if he were permitted to retain and dispose of the property. We agree with the trial court's conclusion that appellant's retention and treatment of the property shows a fraudulent intent to abuse the confidential relationship which exists between appellant and his stepdaughter, appellee. Therefore, the lower court's creation of a constructive trust for appellee's benefit was entirely appropriate and fully justified under the circumstances.

Appellant finally argues that the trial court erred in awarding appellee title to the Volkswagen. However, the record shows that appellant failed to appear at trial, either in person or through counsel, and presented no evidence for the court's consideration. Based on the facts before it, the lower court's decision was not clearly erroneous.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.