JUDGE HARDIN
dbmvbrbd thb opinion of the court.
On the 10th day of May, 1858, the following order was made by the Hardin County Court: “ Ordered, that Washington Smith be appointed guardian of Isabella Daniels, Eeuben Daniels, and Charles Daniels, heirs of Eichard B. Daniels, deceased; and thereupon the said Smith took the oath required by law, and gave bond, with Thomas B. Greenly and John O. Withers his security.”
But the covenant given, as appears from the record, recites only that Smith was appointed as guardian to said Isabella and Eeuben Daniels, and contains no stipulation to secure the performance of the guardian’s duty as to Charles Daniels.
Smith seems, however, to have acted as the guardian of all of said infants; and on the 18th of December, 1863, he caused a statement of his accounts to be made by the judge of the county court as guardian to each of said wards, and those settlements were approved and recorded. Subsequently, and after the removal of Smith as guardian to Charles Daniels, and the appointment of L. T. Howlett in his stead, this suit in equity was brought in the Hardin Circuit Court to recover on the guardian’s bond the amount of the balance found due to Charles Daniels, as well as to the other wards of Smith, by said settlement.
*43 Neither of the defendants appears to have then resided in Hardin Comity, nor was either of them summoned in that county, hut Smith and Withers were summoned in Meade County, and Greenly in Jefferson. Smith, however, appeared, and without objecting to the jurisdiction of the court filed an answer setting fourth a counter-claim against his late wards; and -thereupon a judgment was rendered, for sums not controverted, in favor of the plaintiffs severally; that in favor of Charles Daniels being for $63.07. A further judgment was afterward rendered against the defendants, none of whom except Smith had then appeared. Subsequently the defendants appeared and moved the court to set aside the judgments, on the ground that they were void for want of jurisdiction in the court, and the court overruled the motion. A reversal of the judgment in favor of Charles Daniels alon'e is sought on this appeal.
It is insisted for the appellants: first, that the judgment was absolutely void, and the motion to set it aside should have been sustained; second, if not void, it was erroneous as between Charles Daniels and Greenly and Withers.
As to the question of jurisdiction, it is deemed unnecessary to decide in this case whether the appearance of Smith and his failure to object to the jurisdiction of the court would have authorized the prosecution of the suit against his co-defendants under the 106th section of the Civil Code, although neither of the defendants resided in nor was summoned in Hardin County. Dor we concur in the conclusion suggested in the opinion of the circuit court, that the case is embraced by the 98th section of the Code, which provides that “an action by a ward against his guardian for a settlement of hisi accounts, for additional security, or for his removal, must be brought in the county in which the guardian was qualified.”
*44 It is true, as insisted for the appellants, the sums sought to be recovered in this case were already apparently shown by settlements of the guardian’s accounts. But these settlements being only prima facie evidence of the balances due to the wards, and subject to revision and correction by the circuit court, we are of opinion that the relief sought by the plaintiff's substantially involved a settlement of the guardian’s accounts within the meaning of said 98th section of the Code, and the action was therefore properly brought in the Hardin Circuit Court.
But as the bond on which the action was founded only relates to the guardianship of Isabella and Reuben Daniels, and contains no covenant that Smith should perform any duty as guardian to Charles Daniels, the judgment in favor of the latter against Greenly and Withers was manifestly erroneous.
Wherefore the judgment in favor of Charles Daniels is, as to said sureties, reversed, and the cause remanded for further proceedings not inconsistent with this opinion.