Willis' Adm'r, &c., v. Roberts' Adm'r, &c.

CASE 18—PETITION EQUITY—APRIL 8.

# Willis' Adm'r, &c., v. Roberts' Adm'r, &c.

### APPEAL FROM KENTON CIRCUIT COURT.

1. VENUE OF ACTIONS.—An action against the personal representative and heirs of a decedent to subject estate descended to the heirs to the payment of the decedent's debts must be brought in the county in which the personal representative was qualified; and an action by a ward against the personal representative and heirs of his guardian to subject estate descended to the heirs to the payment of the amount due the ward by the guardian is no exception to the rule.

2. JUDGMENT AGAINST ADMINISTRATOR NOT BINDING ON HEIRS.—Although judgment has been obtained against the personal representative, an action to subject estate descended to the heirs must be brought upon original liability.

**J. F. & C. H. FISK AND H. CLAY WHITE FOR APPELLANTS.**

The action was properly instituted in the Kenton Circuit Court, that court alone having jurisdiction. (Gen. Stats., chap. 44, art. 1, sec. 10; Carroll's Code, secs. 92, 62, 65, 66, 428, 429, 433, 434, 489; Myers' Code, secs. 96, 97, 98, 25, 28, 18, 846; 1 Stanton's Rev. Stat., chap. 40, sec. 10; Davis' Heirs v. Duncan's Adm'r, MS. Op., January, 1858; Bush v. Williams, 6 Bush, 406; Hopkins v. Stout, 6 Bush, 377; Weatherford v. Myers, 2 Duv., 91; Craig, &c., v. Garnett's Adm'r, 9 Bush, 101, 102; Hood's Adm'r v. Hood's Devisees, &c., 80 Ky., 41; Roberts & Wife v. Phillips, &c., 11 Bush, 11, 17; Bennett v. McCrocklin, 3 Met., 322; Flint v. Spurr, &c., 17 B. M., 499; Driskell v. Hanks, 18 B. M., 855; Fishback v. Green, &c., 87 Ky., 107; Webb v. Wright, 1 Bush, 167.)

The cases of Stone's Adm'r v. Powell, &c., 13 B. M., 343, and Greenly, &c., v. Daniels, 6 Bush, 42, have no application to the case at bar.

**O'HARA & BRYAN FOR APPELLEES.**

As this is an action to settle the guardian's accounts, and not to enforce a lien, the Kenton Circuit Court did not have jurisdiction. (Civil Code, sec. 67; Stone v. Powell, 13 B. M., 343; Greenly v. Daniels, 6 Bush, 42.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

Samuel F. Roberts was appointed the guardian of

William Willis by the Scott county court. Roberts resided in Kenton county, and died there intestate. His personal representative was appointed there, his heirs live there, and the real estate left by him to his heirs is situated there.

Willis having also died, his personal representative brought this action in the Kenton Circuit Court against the administrator and heirs of Roberts to subject certain real estate, which had descended from him to his heirs, to the payment of the amount of the ward's estate in his hands at his death. A special demurrer to the jurisdiction of the court was sustained, and the action dismissed.

Section 10, article 1, chapter 44 of the General Statutes provides: "The heir or devisee may be sued in equity by a creditor for any liability of the decedent or testator, and he may also in such suit, if demanded, obtain, by the proper procedure, a lien on any specified property, descended or devised, not theretofore aliened; but not so as to prejudice thereby any other creditor."

No judgment had ever been obtained upon the claim against the administrator of Roberts; but even if this had been done, the action should be brought upon the original liability as against the heirs to subject estate descended to them. (Hopkins v. Stout, 6 Bush, 375; Craig, &c., v. Garnett's Adm'r, &c., 9 Bush, 97.)

The petition avers that the personal estate of the decedent, or the most of it, had been distributed, and sets out, *inter alia*, a description of the land received by the heirs, and asks that it be subjected to the payment of the claim. The appellees insist that the action should have been brought in Scott county, and that

the venue in such a case is governed by section 67 of the Civil Code, which reads : "An action by a ward against his guardian for a settlement of his accounts, for additional security, or for his removal, must be brought in the county in which the guardian was qualified."

Upon the other hand, the appellants contend that the action was properly brought, and that section 66 controls. It provides : "An action for the distribution of the estate of a deceased person, or for its partition among his heirs, *or for the sale for payment of his debts of property descended from or devised by him, must* be brought in the county in which his personal representative was qualified."

It is urged upon behalf of the appellees that the cases of Stone's Adm'r v. Powell, &c., 13 B. M., 342, and Greenly, &c., v. Daniels, 6 Bush, 41, are decisive of this one. We do not think so. Neither of them was a suit to subject land descended to the heir to the payment of the ward's claim against his guardian. The first-named case appears to have been an action brought against the guardian and his sureties. The court properly held that the jurisdiction was local to the county where the guardian had qualified. The other case was a suit upon the bond of the guardian, and the same rule was announced.

In both cases the petitions did not, *in totidem verbis,* ask a settlement of the guardian's accounts. In the one case none appears to have ever been made. In the other a settlement had been made in the county court, but as it was only *prima facie* correct, and subject to revision by the circuit court, this court

held that in each case the settlement of the guardian's accounts was necessarily involved. It is urged that this is so in this case, and that the enforcement of the lien against the estate descended is but an incident, and not the substance of the action.

Conceding that the suit involves the settlement of the guardian's account, and a determination by the court of the amount due the estate of the ward, yet unquestionably the object of this action is to subject the real estate in the hands of the heir to the payment of the claim. It is an action for a sale for the payment of his debts of property descended from the decedent, and in such case it "*must* be brought in the county in which his personal representative was qualified." The liability is sought to be imposed upon property now belonging to the heir. The title is not in the personal representative. The heir is the party to be affected; his land is to be sold if the liability exists, and the letter, as well as the reason of the case, requires that section 66 of the Code should control the jurisdiction. Suppose the action had been brought in Scott county. Can it be supposed for a moment that it would not have been met with the objection that the court had no jurisdiction, since not only the party to be affected did not reside there, and the real estate to be subjected was not situated there, but the decedent did not reside there, nor did the personal representative of his estate qualify there; but, upon the contrary, the land is situate where this action was brought; the party to be affected by it resides there, as did also the decedent, and his administrator qualified there. It seems to us that the

claimant has brought his action in the county most convenient and favorable to the appellees, and that, under the circumstances, they reasonably ought not to object.   True, this fact can not, of course, deprive them of a right given by law; but if the action had been brought in Scott county, these circumstances would undoubtedly have been urged as explanatory of the Code provisions and their true construction, which, in our opinion, require an action like this one to be brought in the county where the personal representative of the decedent qualifies.

The judgment is reversed, and cause remanded for further proceedings consistent with this opinion.