CASE 30—PETITION EQUITY—MARCH 22.

# Walker, &c., v. Yowell's Adm'r.

94  205
104  45

APPEAL FROM ANDERSON CIRCUIT COURT.

VENUE OF ACTION FOR SALE OF LAND OF DECEDENT.—An action for the sale of land belonging to the estate of a deceased person must be brought in the county where the personal representative qualified, if it involves a settlement of the estate and payment of debts, or distribution or partition among the heirs, although the land lies in another county.

NELMS & BICKERS FOR APPELLANTS.

Brief withdrawn.

.PHIL B. THOMPSON, SR., FOR APPELLEE.

The action of the lower court in sustaining a demurrer to the petition for want of jurisdiction was proper. (Civil Code, sec. 62, subsecs. 1, 2; 2 Bush, 49; *Idem*, 126; 7 Bush, 46.)

CHIEF JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

This action was brought by the administrator and heirs of Emily J. Yowell, in the Anderson Circuit Court, for a sale of a tract of land lying in Mercer county, Ky., belonging to said Emily, and for a division of the proceeds, &c.

Section 66, Civil Code, reads: "An action for the distribution of the estate of a deceased person, or for its partition among his heirs, or for the sale for the payment of his debts, of property descended from or devised by him, must be brought in the county in which his personal representative was qualified." The question is: Does the Anderson or Mercer Circuit Court have jurisdiction to order the sale? Upon that subject it seems to us that if the action involves a settlement of the estate and the payment of debts, or distribution or partition among the heirs, the action in such case should be brought in the county where the deceased person's representative qualified; for the reason that in all such actions the payment of debts is involved, and the administrator has the right to be heard as to them in the county in which he qualified.

The judgment sustaining the demurrer to the petition is reversed, and the case is remanded with directions to proceed according to this opinion.