CASE 6—EQUITY—JUNE 2.

# DeHaven v. DeHaven's Administrator.

APPEAL FROM OLDHAM CIRCUIT COURT.

| 104 | 41 |
| e112 | 860 |

| 104 | 41 |
| 122 | 455 |

| 104 | 41 |
| 134 | 309 |

VENUE—ACTION FOR LAND AS INCIDENT TO SUIT FOR SETTLEMENT OF DECEDENT'S ESTATE—PLEADING.—In an action properly brought in Oldham county for the settlement and partition of a decedent's estate, a person living in Jefferson county was made a defendant and judgment prayed against her for the possession of land lying in Jefferson county. She pleaded specially to the jurisdiction of the court that the land was held and claimed by her as her own at the time and prior to the institution of the suit. On demurrer to the plea, it is held by the court (1), that a court having jurisdiction for the settlement and partition of the estate of a decedent, it has incidental jurisdiction to partition lands in other counties; and (2) that the defendant's plea was not good in that it failed to allege ownership of the land by the defendant.

MATT. O'DOHERTY FOR APPELLANT.

1. The Circuit Court of Oldham county had no jurisdiction to recover the possession of land lying in Jefferson county. Civil Code, sec. 62.

2. In an action for a settlement of the estate all persons having claims against the estate may be made parties, but persons against whom the estate has a claim occupy a very different position. Citizens Nat. Bank v. Boswell's Admr., &c., 93 Ky., 92.

3. Appellee's remedy against the appellant was by writ of forcible detainer or by an action of ejectment in Jefferson county.

H. L. STONE FOR APPELLEE.

In an action to settle the estate of Judge DeHaven, all the parties interested in the estate were required to be brought before the court either as plaintiffs or defendants. Secs. 62, 65, 66 Civil Code. This action was as well for a partition as to settle

the estate of Judge DeHaven, and was, therefore, properly brought in Oldham county. As incidental to this jurisdiction, the court had jurisdiction to require the surrender by the appellant of the land held by her in Jefferson county. Flint v. Spurr, 17 B. M., 499; Fishback v. Green, 87 Ky., 107; Phalan v. L. S. V. & Tr. Co., 88 Ky., 24; Willis' Admr. v. Roberts' Admr., 90 Ky., 122; Walker v. Yowell, 94 Ky., 205; 14 Ky. Law Rep., 829; Mechanics' Trust Co. v. Cobb, 14 Ky. Law Rep., 444.

MATT. O'DOHERTY FOR APPELLANT, IN A PETITION FOR REHEARING.

1. The allegation in the plea of the defendant to the jurisdiction conforms strictly to the Code. She was not required to controvert title in the plaintiff, because the petition contained no such averment.

2. No right of action rested in the administrator to recover the real estate or to partition the same. Such right of action, if any, was in the devisees and not in the personal representative.

3. There is a failure in the petition to describe the land sought to be recovered. Blackwell v. Townsend, 91 Ky., 609; 13 Ky. Law Rep., 291; Faught v. Henry, 13 Bush, 471.

H. L. STONE, IN RESPONSE TO THE PETITION FOR A REHEARING.

1. The point made by the appellant that the land is not sufficiently identified is not well taken, because in making out the transcript of the appeal, the appellant has failed to have copied an exhibit to the original petition identifying the land.

2. The second point made by counsel in his petition for a rehearing is not well taken, because under the will of Judge DeHaven, the appellee as administrator with the will annexed had all the powers of an executor. Simpson v. Hawkins, 1 Dana, 303; Peebles v. Watts, Admr., 9 Dana, 102; Jennings v. Monk's Admr., 4 Met., 103; Gulley v. Prather's Admr., 7 Bush, 167; Shields v. Smith, 8 Bush, 601; Ky. Stats., secs. 3891, 3892. The will empowered the executor to sell the land for the purpose of division between the nieces and nephews.

3. Although it may not have been necessary for the appellant to have alleged in her answer facts showing she had title and ownership of the tract of land in her possession, still it was absolutely necessary that her answer should deny the facts alleged in the petition by appellee essential to his recovery of said tract of land. Sims v. Sims, 88 Ky., 642.

4. If the appellee did not have legal capacity to sue in this action for the recovery of the possession of the land in appellant's possession, the failure by appellant to make such objection by plea or special demurrer was a waiver of such objection, and it can not now be made in this court. Warfield v. Gardner's Admr., 79 Ky., 583; Johnson v. Chandler, 15 B. M., 584; Hardee v. Hall, 12 Bush, 327; McCallister v. Savings Bank, 80 Ky., 684.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This appeal is from a judgment of the Oldham Circuit Court in favor of appellee as administrator with the will annexed of S. E. DeHaven, deceased, awarding him possession of a certain tract of land. Appellee brought his suit in that court for the settlement, distribution, and partition of his testator's estate, alleging that at his death S. E. DeHaven owned individually a tract of land in Jefferson county; that for some years before his death his brother, Christopher DeHaven, by permission of the testator, had occupied and used this land, and that he remained in possession after the death of testator until his own death, in 1894; that since his death his widow, Annie DeHaven, and her son-in-law, Chamberlain, and family "had been and are now occupying and using the farm without contract of lease or rent, and have planted the present season,"—praying process against them, and that they be required by proper order to surrender the possession of the land so held not later than January 1, 1895, to plaintiff. Summons issued on this petition, directed to the sheriff of Jefferson county, and was duly executed upon appellant in that county, and, after service of summons upon her, appellant filed this plea to the jurisdiction of the Oldham Circuit Couurt: "Annie DeHaven, without entering her appearance generally, but only for the purpose of objecting to the jurisdiction of

the court as to her, states that at the time this action was instituted, and long prior thereto, she was, and has ever since continued to be, and is now, a resident of Jefferson county; that the summons against her to answer herein was served upon her in Jefferson county on the —— day of May, 1895; that the land in the amended petition referred to, which is in her possession, is held and claimed by her as her own, and was so held and claimed by her at the time and prior to the institution of this action; that said land and every part thereof lies in Jefferson county, and that no part thereof lies in Oldham county. Wherefore she says this honorable court has no jurisdiction over her person, or over the subject of this action, so far as she is concerned, with reference to her, or to the land aforesaid in Jefferson county now held by her; and for this cause she asks that the process against her, and the return thereon, be quashed, and that she be dismissed hence." To this plea plaintiff filed a general demurrer, which was sustained by the court below, and, appellant declining to plead further, judgment was rendered against her in favor of appellee for the land, and awarding him a writ of possession therefor, and from that judgment appellant prosecutes this appeal.

Sections 65 and 66 of the Civil Code provide that actions to settle the estate of a deceased person, for the distribution of his personal estate, and for the partition of his real estate among his heirs and devisees, or for the sale for payment of his debts of property descended from or devised by him, must be brought in the county in which his personal representative qualified, and the court of such county has jurisdiction to decree a sale or make partition among the heirs or devisees of the land owned by decedent in counties other than that in which the suit

is pending, and, as a necessary incident of jurisdiction, has
authority to issue such writs as are necessary to put
purchasers or those entitled thereto in possession thereof.

See Fishback v. Green, 87 Ky. 107 [7 S. W. 881]; Phalan
v. L. S. V. & T. Co., 88 Ky. 24 [10 S.W. 10]; Willis' Admr. v. Rob-
erts' Admr., 90 Ky. 122 [13 S. W. 358]; Walker v. Yowell's
Admr., 14 Ky. Law Rep. 829 [21 S. W. 873] and Mechanics'
Trust Co. v. Cobb, 18 Ky. Law Rep. 444 [20 S. W. 391].

It is alleged by appellee that his testator held the legal
title to the land in contest, and was the owner thereof;
that by his permission his brother occupied it during his
life; and that appellant, as his widow, simply continued in
the occupancy of the land after the death of her husband,
who died subsequently to testator, and before the insti-
tution of his suit.   None of these material allegations are
controverted by appellant, nor does she aver that she is
the owner of the land.  The allegation of her answer that
it "is held and claimed by her as her own, and was so
held and claimed by her prior to the institution of this
action," is not a sufficient averment of either title or
ownership of the land to support a defense to the action,
or to divest the Oldham court of jurisdiction herein, and
the demurrer was therefore properly sustained; wherefore
the judgment is affirmed.

To a petition for a rehearing by the appellant the fol-
lowing response was delivered by the court:

Several points are suggested in the petition for rehear-
ing which were not discussed in the original brief.   It
is insisted:   First, that plaintiff was not vested with
either the title or the possession of the land of testator,
and was therefore not authorized to institute the action;
second, that the petition failed to describe the land, as

required by section 125 of the Civil Code; third, that sub-section 2 of section 125 of the Code only requires, in an action for the recovery of land, that the answer of defendant shall state that he claims it, and that, as the answer contained this averment, it presented a complete defense to the action.

Plaintiff was the administrator with the will annexed, and, under the provisions of section 3892 of the Kentucky Statutes, was clothed with all the duties and powers of an executor. By the terms of the will the testator directed that his estate be divided among his four sisters and his brother, and that at the death of either of the principal devisees it should be divided among his nephews and nieces, and that the property devised to his sisters and brother be safely preserved during their lives, so that it should not be squandered or wasted before the right of enjoyment accrued to his nephews and nieces. Testator further provided that his lands were not to be sold during the lifetime of any of his sisters or his brother, but that it might be sold by his executor for the purpose of division among his nephews and nieces. The chancellor held that the executor was entitled to hold possession of the real and personal property, and to pay over to each of the devisees the income upon their respective shares, and this construction of the will was not objected to by any of the parties in interest. Besides, under the provisions of section 92 of the Civil Code, to enable appellant to take advantage of the fact that plaintiff had not legal capacity to sue, or that there was a defect of parties plaintiff or defendant, it was necessary that he should have filed a special demurrer on that ground, and by failing to do so this objection is waived, and can not be taken advantage of in this court.

In response to the second objection of appellant, it may be observed that the original petition, after asserting claim to the tracts of land held by appellant and others, recites that "a description of all said tracts of land, by metes and bounds and courses and distances, will be found herewith, marked 'Exhibit X,' which is made a part of the petition." The transcript of the record brought to this court does not contain this exhibit, but, as the judgment appealed from describes the land in possession of appellant by metes and bound and courses and distances, we think the presumption must be indulged that it was made up from Exhibit X. It was not incumbent upon appellant that her answer should set up her title fully and in detail, but it was essential that it should have put in issue the affirmative allegations of the petition, which alleged title in plaintiff's intestate, and that defendant occupied the land only by permission.

Section 62 of the Civil Code provides that actions must be brought in the county in which the subject of the action, or some part thereof, is situated, for the partition of real estate, except as provided in section 66, which requires actions for the partition of real estate of a deceased person to be brought in the county in which his personal representative qualified; and, in order to divest the Oldham court of jurisdiction, it was necessary that appellant should have put in issue the averments of the petition which gave that court its jurisdiction. For these reasons the petition for rehearing is overruled.