CASE 102—ACTION TO SURCHARGE A SETTLEMENT MADE BY A GUARDIAN.
MARCH 5.

## Dawkins, &c. v. Hough, &c.

### APPEAL FROM HARDIN CIRCUIT COURT.

112  855
134  309

112  855
137  384

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS. AFFIRMED.

VENUE OF ACTION—SURCHARGING SETTLEMENT OF GUARDIAN—CANCELLATION OF DEED AS INCIDENT.

Held:    Under Civ. Code Prac. section 67, providing that an action by a ward against his guardian for the settlement of his accounts must be brought in the county in which the guardian was qualified, an action to surcharge a settlement made by plaintiff's former guardian was properly brought in the county in which the guardian qualified; and the court, as an incident, had jurisdiction to cancel a deed executed by the guardian conveying land to the ward located in another county.

BINGHAM & DAVIS, ATTORNEYS FOR APPELLANTS.

This appeal is taken by reason of the errors of the court below in not sustaining the special demurrer of J. E. Dawkins for himself and those for whom he stood as trustee. (1.) Because

the court had no jurisdiction of the defendants. (2.) Because the court had no jurisdiction of the subject matter set forth by the plaintiff below in the amended petition.

Our contention is that J. E. Dawkins is improperly joined in this action, in his individual capacity and in his capacity as trustee, because he has nothing to do with the shortcomings and laches of Reesor, her guardian. That is a question between Mary I. Hough and Reesor and his bondsmen. If she has title to the real estate in Jefferson county sold by Reesor, her guardian, to the ancestor of J. E. Dawkins then she can assert that right and title by an action in ejectment in Jefferson county. This action to surcharge a settlement brought by Mary I. Hough in Hardin county against the bondsmen of her guardian, can not, we contend, reach out into Jefferson county and take in J. E. Dawkins for the purpose of doing something totally different from surcharging, and something which is the subject matter of another distinct action which ought to be brought in Jefferson county. The defendant, J. E. Dawkins, resides in Jefferson county, was summoned in Jefferson county and the land in controversy lies in Jefferson county and these facts are all shown by the record.

### AUTHORITIES CITED.

Ransdall v. Shropshire, 4 Met., 326; Bayse v. Brown, 78 Ky., 554; Stamper v. Central Ky. L. & M. Co., 9 R., 175; Civil Code, sec. 62.

**J. P. O'MEARA,** ATTORNEY FOR APPELLEES.

Appellants have deemed it best to bring up in this case only a partial transcript of the record. They have omitted all the proof heard in the case and stand upon the single question of the jurisdiction of the court. In the absence of the record of the proof heard, it must be presumed the court decided the case properly on its merits, and it may also be presumed that appellant's counsel came to this conclusion or they would not have left out all the proof in the case in making up the transcript.

The facts of the case as shown by the pleadings and which must be taken as true, are these and on them the question of jurisdiction depends:

Mary I. Reesor, now Hough, is the daughter of W. P. Reesor and resided with her father in Hardin county. In 1887 he qualified as her guardian. Besides certain personal property, she owned an interest in a tract of land in Jefferson county

all of which she inherited from her maternal grandparents, her mother having died before them. Her guardian took charge of the land, rented it out and collected the rents. The Jefferson Southern Pond Draining Company had, or claimed, a lien on the land for drainage, and after the death of the old people procured a deed to be made to it, for part of the land which was void, as they were dead and the infant was not before the court. Reesor, as guardian then, out of the money of the ward in his hands, redeemed the land from the draining company, paying for it $64.84 and took a deed from the draining company to himself personally for the land. He then sold it to B. F. Dawkins who knew all the facts, and he passed it by devise to J. E. Dawkins and his co-appellants who also had full knowledge of all the facts. After the ward married, her guardian made a pretended settlement in the Hardin county court in which he did not charge himself with a large part of the money he had received nor with the rents of the land and did not turn over to her the land which had come to his hands as guardian and which he rented out for two years before he conveyed it to Dawkins. She then filed this suit in the Hardin circuit court against her late guardian on his official bond, making Dawkins a party in which she sets up all the above facts, alleging that Reesor held the land as her guardian at the time it was conveyed to Dawkins, that Dawkins knew this when he took the deed, and knew the property was a trust fund in the hands of the guardian and made himself guardian of his own wrong and took Reesor's place as to said land alleging that Reesor was insolvent, that little if anything could be made out of the sureties on his bond and asking that the deed to Dawkins be adjudged void and the title to the land adjudged to her. The question of the jurisdiction is made by demurrer which we submit, to be available, must be made by a special plea before answer is filed to the merits.

## AUTHORITIES CITED.

1. The chancellor when he has jurisdiction to settle a trust will grant complete relief. Landrum v. Farmer, 7 Bush, 49; Webb v. Wright, 2 Bush, 126; Salter v. Salter, 6 Bush, 632; Carney v. Walden, 16 B. Monroe, 388; Crawford v. Somers, 3 J. J. Marshall, 301; Fishback v. Green, 87 Ky., 107; Danforth v. Moss, 90 Ky., 246; Doty v. Deposit Building Association, 103 Ky., 710; DeHaven v. DeHaven's Admr., 104 Ky., 41.

2. An action to rescind a contract for land or cancel a deed is transitory and not local. Page v. McKee, 3 Bush, 136; Par-

rish v. Oldham, 3 J. J. Marshall, 546; Taylor v. Bate, 4 Dana, 198; McQuerry v. Gilliand, 89 Ky., 434; Thompson v. Elmore, 13 R., 682.

3. The objection to the jurisdiction of the court could not be made by demurrer, but only by plea showing that Dawkins did not reside in the county. Baker v. L. & N. Railroad Co., 4 Bush, 619; McDowel v. C. O. & S. W. Railroad Co., 90 Ky., 346.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

In June, 1896, the appellee, Mary I. Hough, instituted this suit in the Hardin circuit court to surcharge a settlement made by her former guardian, W. P. Reesor. She alleged, in substance, that the defendant Reesor qualified as her guardian in the Hardin county court (the county of their residence) in April, 1887; that, in addition to certain personal property, she owned an interest in a tract of land in Jefferson county, which was inherited from her maternal grandmother, Mary Coffman, who died before her mother; that the Jefferson Southern Pond Drainage Company, after the death of her grandmother, procured a deed to be made to them for 10 acres of land located in Jefferson county, to satisfy an alleged lien for $64.84; that her guardian redeemed the land by the payment to the drainage company of $71.50 on the 1st day of March, 1888, with money in his hands belonging to her, and had the drainage company to make a deed to him personally, in fraud of her rights, and that he thereafter conveyed the land, in March, 1889, to one B. F. Dawkins, who devised it to his son J. E. Dawkins in trust: that both B. F. and J. E. Dawkins had full knowledge of all the facts, and knew that the land belonged to her. And she prayed that the deed be adjudged void, but that, if the land could not be restored to her, that Reesor, as guardian, should be charged with its value, and a reasonable rent therefor, in his settlement as guardian, in ad-

dition to the personal property which he had received. And in an amended petition J. E. Dawkins and those for whom he stood as trustee were made parties to the proceeding. They filed first a special demurrer and plea to the jurisdiction of the Hardin circuit court upon the ground that he was a resident of Jefferson county, that the summons was served upon him in that county, and that the land sought to be recovered also lay in that county, and that for these reasons the Hardin circuit court had no jurisdiction to hear or determine the title or possession to the land sought to be recovered.   Upon final submission, the circuit judge held that the purchaser, Dawkins, know that the plaintiff, Mrs. Hough, who was then an infant, unmarried, and residing with her guardian, who was also her father, owned an interest in the land with her father, and that the deed to him did not divest her of her interest therein, and directed that the deed should be set aside, and that she should have the possession of the land, with its reasonable rent from the date of the sale.   From that judgment this appeal is prosecuted.

The appellants have omitted to have copied the proof heard in the lower court, and bring the case up upon the single question of the jurisdiction of the Hardin circuit court to render the judgment complained of, and rely for reversal upon section 62 of the Civil Code of Practice, which provides that "actions for the recovery of real property, or any interest therein, must be brought in the county in which some part thereof is situated."   Section 67 of the Civil Code of Practice provides that "an action by the ward against his guardian for the settlement of his accounts . . . must be brought in the county in which the guardian was qualified."   The gist of the action instituted by appellee was to surcharge the settlement made by her guardian,

and the cancellation of the deed to appellant, or a decision upon its validity, was a necessary incident to the settlement. Her guardian had qualified in Hardin county, and the suit was therefore properly brought in Hardin county; and, as the Hardin circuit court had jurisdiction of the suit for a settlement of the accounts of the guardian, it had, as an incident, jurisdiction to take all necessary steps to afford complete relief, and to this end could inquire into the validity of the transfer of appellee's land by her guardian, although located in Jefferson county. In the case of Webb v. Wright, 65 Ky., 126, it was held that the court having jurisdiction of the persons and cause of action in a suit which was in effect for the settlement of a partnership, the proceeding, *in rem*, for the sale of land in another county, attached as an incidental remedy. And in Fishback v. Green, 87 Ky., 107 (9 R., 959) (47 S. W., 881), this court held that, in an action to settle an insolvent estate, the court had jurisdiction to decree the sale of land situated in another county than that in which the action was pending. And in Doty v. Association, 103 Ky., 720 (20 R., 625) (46 S. W., 219, (7 S. W., 433), it was held that the Fayette circuit court, having jurisdiction of the parties and the original controversy, had jurisdiction to decree the sale of land in another county, as incidental to the original relief sought. And in Dehaven v. Dehaven's Adm'r, 104 Ky., 41 (20 R., 663) (46 S. W., 215, 47 S. W., 597), it was held that, in an action properly brought in Oldham county for the settlement and partition of a decedent's estate, the court had incidental jurisdiction to partition lands in Jefferson county, and to issue such writs as were necessary to put those entitled thereto in possession thereof. We are therefore of the opinion that as the suit was properly instituted in the Hardin circuit court, under section 67 of

the Code, that court, as a necessary incident, had power to determine the controversy as to the real estate claimed by the ward in Jefferson county, and to decree a cancellation of the deed to appellant, and issue the necessary writs to put appellee in possession.

Judgment affirmed.

Judge Hobson not sitting.