306         KENTUCKY REPORTS.     [Vol. 134.

Cent. Ky. Nat. Gas Co. v. Stevens, &c.

CASE 41—ACTION BY WILLIAM STEVENS AND ANOTHER
        AGAINST THE CENTRAL KENTUCKY NATURAL
        GAS CO.—June 18, 1909.

## Cent. Ky. Nat. Gas Co. v. Stevens, &c.

Appeal from Montgomery Circuit Court.

A. W. YOUNG, Circuit Judge.

Judgment for plaintiffs, defendant appeals.—Re·
versed.

1.  Venue—Actions    Concerning    Real    Property—Action    for
    Recovery   of   Real   Estate.—Action   for   Recovery   of
    royalties   due   for   oil   and   gas   is   not   an   action   for
    the recovery of real estate within Civ. Code Prac. Sec. 62,
    providing for venue of actions for the recovery of real prop-
    perty, etc., though the issues involve title to land, and though
    the judgment that may be rendered may settle the rights of
    the parties by way of estoppel.
2.  Parties—New Parties.—In a suit by a lessor of oil and gas for
    royalties due under the lease, and claimed by the lessor of
    · adjacent lands, the latter must be made a party on the request
    of the lessee, so that he may be concluded by the judgment
    rendered.
3.  Courts—Jurisdiction of Apellate Court—Nature of Controversy.
    —Where, in an action by a lessor of oil and gas for royalties
    due under the lease, the answer put in issue the lessor's title
    to the well, and denied that the well was on the lessor's land,
    the Court of Appeals has jurisdiction, though the judgment for
    royalties was less than $200, for the thing in controversy was
    the property in the well.

HAZELRIGG & HAZELRIGG for appellant.

We find no case saying in direct terms that title to land may be
tried in a county other than the one in which the land is located,
when the question arises incidentially to a question where, pri-
marily, the subject matter is  within the jurisdiction of that coun-
ty.   But we find numerous instances where it is done and the
rule is thereby established, that where the primary subject matter

Cent. Ky. Nat. Gas Co. v. Stevens, &c.

of the action is within the jurisdiction of a certain county, it has jurisdicion over the whole of the secondary subject matter. An instance of this kind is in the case of attachment. Dawkins v. Hough, 112 Ky. 855. Also in the case of an enforcement of contract concerning land. Perkins v. Henderson, 94 Ky. 207; Bullitt v. Ky. Land Co. 99 Ky. 324.

ROBERT H. WINN and CHAS. D. GRUBBS for appellees.

POINTS AND AUTHORITIES

1. A cause of action to quiet title, the jurisdiction of which is local, cannot be maintained as a counterclaim and cross-petition in a county other than that in which the land lies. Ky. Statutes, Sec. 11; Civil Code, Sec. 62; Bennett v. McCrocklin, 3 Met. 322; Hurst v. Hamilton, 19 Ky. L. R. 1753.

2. The suggestion is made that the third paragraph of appellant's (defendant's) answer is not strictly an action to quiet title to land; if so, then this appeal must be dismissed, because the judgment is for less than two hundred dollars.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

On July 2, 1904, the New Domain Oil & Gas Company entered into a contract with William Stevens and Charity Stevens, his wife, by which it leased from them the oil and gas under a tract of land containing 100 acres lying in Menifee county. Afterwards the New Domain Oil & Gas Company conveyed its rights under the lease to the Central Kentucky Natural Gas Company. That company also leased from G. W. Pointer and Josephine Pointer, his wife, the oil and gas on 100 acres of land adjoining the Stevens tract. It put down a well and struck gas. By the terms of the contract a certain royalty was due to the lessor, but at this point a controversy arose between Stevens and Pointer as to whose land the well is on; Pointer claiming that it is on his land, and Stevens that it is on his. The gas company, in this condition of affairs, did not pay the royalty to

either, and thereupon this suit was brought by Stevens and his wife in the Montgomery circuit court against the gas company to recover the royalty. The company answered' admitting the contract and the drilling of the well, but denied that it was on Stevens' land. It also alleged that it had leased the adjoining farm from Pointer, and that Pointer was claiming the royalty and asserting that the well was on his land. It made its answer a cross-petition against Pointer, and asked that Pointer and wife be brought before the court, and that the court then determine which of the two claimants should be paid, so that it would be protected. The court sustained a demurrer to the cross-petition and entered a judgment against the defendant in favor of Stevens for the royalty. From this judgment the company appeals.

The ground of the court's action seems to have been that the land lay in Menifee county, that by section 62 of the Civil Code of Practice, an action for the recovery of real property or of any interest therein must be brought in the county in which the land or some part of it is situated, and that, as no part of the land lay in Montgomery county, the cross-petition could not be maintained, and the matter of the title would have to be adjudicated in Menifee county. The result of the court's conclusion is that the gas company has been adjudged to pay the royalty to Stevens in a suit to which Pointer is not a party, and, if Pointer shall sue it for the royalty, the judgment in this case will be no protection to it, and it may hereafter be adjudged to pay the same royalty to Pointer. This is not an action for the recovery of land or any interest in it. It is an action for the recovery of a royalty. The question is: To whom does the royalty belong? It is true that the

determination of this question will involve the title
to the land; but every action in which the title to land
is involved is not an action for the recovery of real
property within the meaning of section 62.   Thus it
has been held that an action for the recission of a
contract concerning land is transitory, and may be
brought in a county other than that in which the land
is situated.   Thompson v. Elmore, 18 S. W. 235, 13
Ky. Law Rep. 692.

It has also been held that an action to perfect title
to land is transitory (Page v. McKee, 3 Bush. 135,
96 Am. Dec. 201), or an action for the use and occu-
pation of land (Swart v. Reveal, 29 S. W. 24, 16 Ky.
Law Rep. 503).

So it has been held that, when the court has juris-
diction for other reasons, it may order a sale of land
in another county or cancel a deed to land lying in
another county.   Fishback v. Green, 87 Ky. 107, 7
S. W. 881, 9 Ky. Law Rep. 959; Dehaven v. Dehaven,
104 Ky. 41, 46 S. W. 215, 47 S. W. 597, 20 Ky. Law
Rep. 663; Dawkins v. Hough, 112 Ky. 855, 66 S. W.
1047, 23 Ky. Law Rep. 1997.   The court here in Mont-
gomery county had undoubted jurisdiction of the case
presented by the plaintiff against the defendant; but
for the defendant's protection it was necessary that
Pointer and wife be brought before the court, so that
they would be concluded by the judgment rendered in
the action.   The judgment rendered in the action will
not be for the recovery of land, although the effect
of the judgment may be to settle the rights of the
parties in the land; but there are many cases where
a judgment operates by way of estoppel on the par-
ties as to the title to land.   For instance, in a suit
for use and occupation of land or for trespass brought

in a county in which the defendant resides, where the land lies in another county, the defendant might by his answer put in issue the plaintiff's title, and plead title in himself to the land. The judgment in the action would be conclusive upon the parties by way of estoppel, but it would not be in any sense a judgment for the recovery of land.

It is also insisted for the appellee that, as the amount of the judgment of the circuit court is less than $200, this court has no jurisdiction on the appeal of the defendant; but the answer of the defendant put in issue the plaintiff's title to the well. It denied that the well was on the plaintiff's land. The thing in controversy is not only the $193 now due, but the right to the royalty, the property in the well; and, under a long line of decisions in such cases, this court has jurisdiction. On the return of the case to the circuit court, an order will be entered directing the defendant to pay the amount of the royalty due into court. Pointer and wife will then be brought before the court, and it will be determined as between Pointer and wife and Stevens and wife who is entitled to the money.

Judgment reversed, and cause remanded for further proceedings consistent herewith.