CASE 96—PETITION EQUITY—MAY 26.

# Doty, Etc. v. Deposit Building & Loan Association, Etc.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. SALES OF REAL AND PERSONAL ESTATE IN ONE TRANSACTION—LIENS.—Where there is a sale of real and personal property all in one transaction, without any separate valuation, unless there is an intervening equity of some third person, the vendor has a lien upon the real estate for the unpaid purchase price of both the real and personal property, although it is provided by section 2358 of the Kentucky Statutes that the grantor shall not have a lien for unpaid purchase money against *bona fide* creditors and purchasers, unless it is stated in the deed what part of the consideration remains unpaid.

2. SALES OF LAND—JURISDICTION.—The circuit court of one county having jurisdiction of the parties and of the original contro-

Doty, etc., v. Deposit Building & Loan Assn., etc.

versy, has jurisdiction to decree the sale of land in another county which is incidental to the original relief sought.

3. RETURN OF OFFICER—HOW TO ATTACK.—The return of an officer as to service of process can not be attacked without an allegation of fraud or mistake, as it is expressly provided in section 3760 of the Kentucky Statutes that no fact officially stated by an officer in respect to a matter about which he is required to make a statement in writing shall be called in question except upon the allegation of fraud in the party benefited thereby, or a mistake on the part of the officer.

4. PRACTICE—EVIDENCE.—Upon the trial of a motion to set aside a judgment for the want of service of process, the original rule docket was properly introduced as secondary evidence after testimony by the plaintiff's attorney that the summons itself could not be found in the papers and records of the case after careful search.

Z. GIBBONS AND O. B. AMBROSE FOR APPELLANTS.

1. Where land is sold for other land and personalty, no lien attaches at all, unless the transaction shows exactly how much money was to be paid, and the value at which the chattels were taken; there can be no vendor's lien upon real estate where it has been sold for personal chattels, and the value of the chattels has not been ascertained and stated in the deed. Suddeth v. Knight, (Ala.), 14 Southern Rep., 475; Parrish v. Hastings, (Ala.), 14 Southern Rep., 783; Waller v. Janey, (Ala.), 14 Southern Rep., 876; Harvey v. Kelley, 41 Miss., 490, (93 Am. Decisions, 267); 28 A. & E. Enc. of Law, page 164; Harrie v. Harris, 37 Ark., 348; Bell v. Peth, 51 Ark., 433; Swain v. Cato, 34 Texas, 395; A. & E. Enc. of Law, vol. 2, page 156 and citations; Peters v. Tunnell, 43 Minn., 473, (19 Am. State Reports, 252); Collins v. Richart, 14 Bush, 21; Burgman v. Blackwell, 25 S. W. Rep., 243; Minns v. Locket, 23 Ga., 237, (68 Am. Decisions, 521).

2. A vendor's lien does not exist except for the unpaid price and for a certain ascertained sum; no uncertain, contingent, or unliquidated demand can be successfully asserted as a vendor's lien. Pomeroy's Equity, vol. 3, sec. 1251; Beach's Equity, vol. 1, sec. 299 and citations.

3. The circuit court of Fayette county had no jurisdiction to decree a sale of the Owen county land; such jurisdiction can only be

exercised by the court of the county in which the land does not lie under an attachment, and where the land lies in two counties, or in a suit for distribution and partition, or sale of the decedent's estate. Civil Code, sec. 62; Nixon v. Jack, 16 B. M., 174; Webb v. Wright, 1 Bush, 107; Webb v. Wright, 2d Bush, 126; Montgomery v. Montgomery, 2 Bush, 49.

JOSEPH S. BOTTS FOR THE DEPOSIT BUILDING & LOAN ASSOCIATION.

1. The stability of judgments requires that where a plaintiff acts in good faith in obtaining a judgment upon the return of the sheriff endorsed upon the summons that it was executed upon the defendant and returned, is conclusive as between the plaintiff and defendant. Thomas, &c. v. Ireland, 88 Ky., 581; Taylor v. Lewis, 2 J. J. M., 400; Smith v. Hornback, 3 A. K. M., 392; Sergeant v. George, 5 Litt., 119.

A. M. BAKER FOR APPELLEES.
(Brief not in record.)

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

Appellant Doty and appellee Taylor entered into a written contract in March, 1893, reciting that Doty had, on that day, traded to Taylor three lots of land in Lexington, together with certain stock in the building and loan association, for a hundred acres of land in Owen county, it being stipulated that Taylor was to assume the loans on the building and loan association stock. By an additional clause of the contract it was recited "That the party of the second part (Taylor) also trades to the party of the first (Doty) the following personalty:"—naming certain live stock, farming implements and farm products —concluding: "We each agree to give the other a general warranty deed to the above described property; possession given of the property this day and date," etc. Taylor conveyed to Doty the Owen county farm and delivered pos-

session of the personalty. Doty conveyed two of the lots
in Lexington, but did not convey the Fifth street lot, which
was under mortgage to the building and loan association.
The association instituted this action against Doty and
wife to enforce its mortgage, and made Hardin and wife
defendants, they being grantors in the deed to Doty of
the Fifth street lot, calling upon them to set up whatever
claim they had to the lot, and also asserting a lien on one
share of stock held by Doty in the association. Hardin,
by his answer and cross petition, asserted that, by the
terms of the deed from him to Doty of the Fifth street
lot—which it was admitted authorized Doty to execute
the mortgage to the building and loan association—it was
provided that if he should repay to Doty the sum of $486.70,
with interest, Doty should re-convey the land; but that
the consideration set out in the conveyance was so set out
by mistake, there being no consideration for the transfer
except the agreement of Doty to aid in borrowing money
from the building and loan association. Hardin prayed for
a correction of the deed, that it be adjudged a mortgage;
made tender of the amount which he claimed to be due to
the association, and prayed that Doty and wife be required
to convey the legal title to him. He made Taylor a party
defendant, and called upon him to set up his claim, if any,
to the property. Taylor, after reciting the contract before
referred to, and, averring the performance of his agree-
ment contained therein, prayed that Doty and wife be re-
quired to make him a deed to the lot; and if it should be
adjudged that Hardin was entitled to the property that
there should be adjudged due to him (Taylor) $512 as

balance of the purchase money of the Owen county land conveyed by him to Doty, and that he be adjudged a lien upon said land for the payment thereof.

Doty and wife failed to answer, and judgment was rendered against them by default. The association was adjudged a lien upon the stock, as well as a lien upon the Fifth street lot. It was adjudged to be indivisible, and a sale ordered, first, of the stock, then, if necessary, of the lot. A sale was had of the stock and the Fifth street lot, and the association became the purchaser of the lot. On motion of Hardin and Taylor, the sale of the lot was set aside, upon condition of their paying off the entire judgment in favor of the building association against Doty.

A second judgment was rendered, holding that the deed from Hardin and wife to Doty was a mortgage, and adjudging that, upon the payment by Hardin of the entire judgment in favor of the association against Doty, said deed should be null and void, and the commissioner should re-convey the title to the lot to Hardin, on behalf of Doty and wife, which was accordingly done.

It was subsequently adjudged that Taylor should recover of Doty and wife the sum of $391; that that amount was part of the purchase price agreed to be paid for the Owen county land; and, to secure it, Taylor was adjudged a lien upon such land, and sale ordered of so much thereof as might be necessary to discharge the debt. Sale thereof was duly made by the commissioner, the entire property not bringing the amount of the debt. Doty excepted to the report of sale, but no bill of exceptions was filed of the

testimony heard upon the questions of fact presented by the exceptions.

Mrs. Doty entered her appearance for the purpose only of moving to set aside the judgments entered, so far as her interests were affected, upon the ground that process on the petition or either of the cross petitions was never served upon her. Doty's exceptions and his wife's motion were overruled, and they have appealed to this court.

On behalf of appellant it is contended, that the lot on Fifth street in Lexington being a part of the consideration for the purchase, not only of the Owen county farm, but of the personalty as well, the contract being for the realty and personalty in gross, without any price fixed for either of them separately, either by the contract or the pleadings, a vendor's lien can not exist upon the realty for any sum which is a part of the purchase price of both the realty and the personalty in gross. It is also objected that, by the judgment, he was given a lien not only for the difference between the value of the Fifth street lot and the incumbrance upon it, but for the rents thereof between the date of the contract by which the trade was made and the time of filing the cross-petition. But it is evident that the judgment was only for the difference between the value of the property and the incumbrance thereon to the building association, with interest.

The basis of counsel's former contention is correctly stated. By the contract in question, fairly construed undoubtedly it was agreed to trade the three Lexington lots in gross for the Owen county farm, farming implements, farm products and live stock in gross, without fix-

ing the price at which any of one of the lots, or the farm, or the personal property was taken in the trade.

It is earnestly insisted that the purchase price being the purchase price for both the farm and the personalty, no lien can arise upon the land for any part of the purchase price, because it is the purchase price in gross of both the land and the personalty. A number of authorities are cited as sustaining this proposition, as well as in support of the contention that no vendor's lien can exist to secure an uncertain or unliquidated demand.

Without going through the authorities in detail cited in support of these contentions, we may say, that the questions seem to have been decided otherwise by this court, and, as we think, manifestly upon equitable principles. There is no intervening equity of third persons to be considered. It is a question simply between vendor and vendee.

This record discloses the transfer of a farm and the personalty upon it for a consideration agreed to be paid in other lands. A part of this consideration has been paid. The value of the balance due can be, and has been, judicially ascertained. And the question presented is, whether that part of the property sold, which the court can reach, shall be subjected to the payment of the purchase price remaining unpaid, in a proceeding in which the vendor's right to payment has been adjudged; or, whether he shall be compelled to await the result of process of execution, or to bring an attachment suit in a court of another county.

The statute (Kentucky Statutes, section 2358) provides that the grantor shall not have a lien for unpaid purchase

money "against *bona fide* creditors and purchasers, unless it is stated in the deed what part of the consideration remains unpaid." This statute—being the same as in the General Statutes—discloses a marked change from the language used in the Revised Statutes, which provided that if any part of the consideration remained unpaid at the time of the conveyance, the grantor should not thereby have a lien for the same, unless it were expressly stated in the deed what part of the consideration remained unpaid.

By clear implication of the statute as between vendor and vendee, a lien exists upon the land sold for the purchase price of the land; and it does not seem to be seriously contended that if it appeared, either from the contract or extrinsic evidence, what price in the trade was put upon the realty and what upon the personalty sold by Taylor to Doty, a lien would not exist upon the land for that proportion of the unpaid purchase money which was applicable to the sale of the land.   We might suggest that, in such a case, no application having been made of the partial payment of the consideration of the two varieties of property sold, equity would make an application of the payment for the parties, and the consideration actually paid would be applied to extinguishing the obligation for the personalty.   But we think it unnecessary to resort to equitable application of payments in this case.

Doty obtained the title and possession of certain realty and personalty by one transaction, one contract, for one consideration.   A part of the consideration remains unpaid.   What has become of the personalty thus sold does not appear in this record.   Manifestly, personal property

of the character indicated—easy of transportation and
finding ready sale—might be disposed of in such time and
manner as to prevent the levy of execution thereon.   But,
as between vendor and vendee, with no intervening
equities, it would be manifestly unconscientious to permit
a party to retain possession of property without the pay-
ment of the consideration.   The process of the court may
be unable to reach and subject the personalty to the pay-
ment of that part of the consideration which may be sup-
posed to have been agreed to be paid for the personalty,
but it can reach the realty, the sale of which was effected
at the same time and by the same agreement.   The case
seems to us strictly analogous to the case of a sale in gross
of two lots of land for an agreed lumping consideration,
a part of which is unpaid at the date of the conveyance.
Undoubtedly, in such case, either lot (no equities interven-
ing) might be subjected to the payment of the unpaid pur-
chase money.

Said the New York court in Warren v. Fenn (28 Barb.,
334), "It has become one of the best established princi-
ples of natural equity that estates are to be regarded as
unconscientiously obtained when the consideration is not
paid."   Again in Fisk v. Potter (2 Abb. App. Dec., 138),
the court said of a vendor's lien:   "Its existence depends
upon and is controlled by no well-settled rules, but on the
contrary the existence of the lien is generally made to de-
pend upon the peculiar state of facts and circumstances
surrounding the particular case; that is, whether or not
a case of natural equity is established."   In 9 R., 747,
Thacker v. Booth, Judge Holt delivering the opinion of the

court, said: "A lien existed in the nature of a trust, because equity will not allow one to hold the land of another and not pay for it.  To do so would be in violation of good conscience and every rule of right."  So in Blivins v. Blankenship (9 R., 852), Judge Holt—discussing the change made by the General Statutes in the statute before quoted—said, that unless it be stated in the deed what part of the consideration remains unpaid, the vendor waived his lien as to creditors and purchasers, who were protected because the conveyance gave them no notice that any consideration remained unpaid; and then added: "The immediate vendee knows, however, whether it has been paid or not; and if not, the lien upon equitable principles exists in favor of the vendor, although the deed fails to state that any, or how much, of it is unpaid."

We think it is proper to treat this transaction as one sale and, assuming for the purpose of argument that no lien exists upon the personalty, even as between vendor and vendee, after possession has been parted with, we see nothing inequitable in subjecting that part of the property sold, which the court can reach, to a vendor's lien for the unpaid purchase money due upon all the property sold in the same transaction.

In the case of Davis v. Page (17 R., 622), this court, in an opinion by Judge Guffy, enforced as between the parties thereto a lien retained in an unrecorded title bond, executed upon a sale of both realty and personalty.  (Clark v. Curtis, 11 Leigh (Va.), 559.)  And as to the question whether a vendor's lien can exist for an unliquidated claim—as for breach of contract for personal services to

be rendered as consideration for the sale of land—the case of Miller v. Denny (17 R., 1376) is directly in point.

Counsel himself states that, in his view, a vendor's lien is a creature of equity, and that the equity is to be decided as to each case upon its peculiar facts. The peculiar facts of this case are, that Doty was in possession of real and personal property for which he had not paid all the consideration. Having, as we think, incidental jurisdiction of the land, it is manifest equity that the court should subject it to the payment of the entire unpaid purchase money.

And this brings us to the consideration of appellant's contention that the court had no jurisdiction to sell the Owen county land, it being situate in another county.

Upon this contention counsel cites the case of Webb v. Wright (1 Bush, 107). That case was again before the court in 2 Bush, page 126, on which appeal Judge Williams delivering the opinion of the court held, that the court having jurisdiction of the persons and cause of action in a suit which was, in effect, for the settlement of a partnership, the proceeding *in rem* for the sale of land in another county attached as an incidental remedy. In Fishback v. Green (87 Ky., 107), in an opinion by Judge Holt, this court held, that, in an action to settle an insolvent estate, the court had jurisdiction to decree the sale of land situated in another county than that in which the action was pending. In the case at bar, having jurisdiction of the parties and the original controversy, we think the court had jurisdiction to decree the sale of land in another county as incidental to the original relief sought.

Nor do we think that the grounds of appeal as against the association are well taken.   There is no bill of exceptions of the testimony heard upon the exceptions to the report of sale.

As to Mrs. Doty's appeal, it is claimed that the officer's return was not attacked in a "collateral proceeding." That, however, is not the langugage of the statute (sec. 3760 Ky. Stat.), which provides that, unless in a direct proceeding against himself or his sureties, no fact officially stated by the officer in respect to a matter about which he is required to make a statement in writing shall be called in question, except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer.   Thomas v. Ireland, 88 Ky., 581; 2 J. J. M., 400; 3 A. K. M. 392.) Robinson v. Mobley, 1 Bush 196, cited by counsel have been overruled by Long v. Montgomery, 6 Bush, 396.   Upon the hearing of Mrs. Doty's motion, the original rule docket— admitted to be such by her counsel— was produced, and the copy of the return of service read therefrom, with testimony by the plaintiff's attorney that the summons itself could not be found in the papers and records of the case, after careful search.   We think the evidence of loss sufficient to justify the introduction of the secondary evidence, namely, the rule docket.

For the reasons stated, the judgment is affirmed.

THE COURT DELIVERED THE FOLLOWING RESPONSE TO A PETITION FOR REHEARING OCTOBER 21, 1898:

By petition for rehearing, counsel for appellant urges that Bryant, etc., v. Mack, etc. (19 R., 747,) modifies the

[46]

doctrine laid down in Long v, Montgomery (6 Bush, 395;) but we see nothing inconsistent in the cases. Long v. Montgomery decides that "A judgment, without appearance or citation, is void, and not correctible as a clerical prision." Bryant v. Mack simply recites the code provision (section 763,) which requires that, in the case of a void judgment, a motion shall be made in the court which rendered it to vacate. In the case at bar the question presented was, whether the judgment was void, for want of service of process; and this question the appellant failed to present in such a manner that the court could act upon it, for no averment was made, as required by the statute, that the return of the officer was incorrectly made, either by the fraud of the party benefited thereby, or by mistake on the part of the officer. It is therefore, unnecessary to discuss the admissibility of secondary evidence of the service of process, for appellant made no averment which authorized him to introduce testimony that process was not served.

Petition overruled.