## Shadoin v. Sellars, et al.

(Decided March 23, 1928.)

## Appeal from Henderson Circuit Court.

1. Corporations.—On dissolution of a business corporation, its property vests in the stockholders, subject to the payment of corporate liabilities; but, if corporation has lost its rights in property, stockholders take no title.

2. Mines and Minerals.—Purchaser at the sale of oil leases, in stockholders' suit for distribution of proceeds, of assets of defunct corporation, acquired only such right, title, or interest as corporation had at time it ceased to exist, subject to any loss of such rights which stockholders may have incurred since time of dissolution.

3. Corporations—In suit by the stockholders of defunct corporation for distribution of assets, fact that one of stockholders was made defendant and entered his appearance as such held not to show collusion invalidating sale of such assets.

4. Mines and Minerals.—Stockholders of oil company whose corporate character had expired held entitled to maintain action for settlement of corporate affairs and distribution of corporate assets in behalf of unknown stockholders, under Civil Code of Practice, sec. 25, and section 691, though corporation's oil leases were involved; and it was not necessary to bring unknown stockholders

before the court by service of summons, under section 494, subsec. 7.

5. Corporations.—Corporation has existence beyond its life as provided in charter for the sole purpose of winding up its affairs.

6. Corporations.—Where corporate existence had terminated under charter and there were no existing directors, stockholders had control of corporation until directors were elected and could institute suit to wind up its affairs.

7. Venue.—As a general rule, actions which involve title to real estate must be brought in the county where the land or some part thereof lies, under Civil Code of Practice, sec. 62.

8. Mines and Minerals.—Action by stockholders of defunct corporation for settlement of corporation's affairs, and sale and distribution of corporate property, consisting of oil leases which corporation operated, held not maintainable in county other than that in which land or some part thereof was situated, under Civil Code of Practice, sec. 62, which localizes actions relating to real estate, and covers sale of real property, under title 10, c. 14, secs. 489-498, since mineral leases for this purpose constitute "real estate."

9. Venue.—Sole jurisdiction of county where land was situated to entertain suit by stockholders of defunct corporation for settlement of its affairs and sale and distribution of proceeds of oil leases held not waived by consent, under Ky. Stats., sec. 1094, since Civil Code of Practice, sec. 62, makes actions relating to real estate local actions.

10. Courts.—Where court has no jurisdiction over subject-matter of action, it cannot acquire jurisdiction by virtue of parties' consent; jurisdictional requirements not being waived.

G. L. DRURY for appellant.

RAYBURN & WITHERS and C. W. BENNETT for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

In May, 1889, incorporators prepared and filed articles of incorporation in the office of the county clerk of Webster county creating a corporation under the name of the Sebree Oil & Gas Company. Nine individuals signed the articles, all of whom are now dead except two. The life of the corporation was 25 years. An amendment was filed a few days after the original articles were recorded, but thereafter no amendment was filed and the life of the corporation was not extended. The corporation had a capital stock of $1,000,000. The object and purposes for which it was incorporated were to buy, lease, sell, develop, and test for oil, gas, and other minerals. During the life of the corporation it acquired certain leases in Webster county. These leases were to run

for the period of 50 years. They were paid for in stock of the corporation. By the terms of its charter the corporation expired in May, 1914. There were no liabilities, and the number, names, and addresses of many of the stockholders are unknown. It is alleged in the petition that much of the stock was sold, but there are no records of any kind which show to whom it was sold. A number of the former stockholders are named in the petition, but it is alleged that there are many others who are wholly unknown to those instituting the suit.

Three of the stockholders instituted suit in the Henderson circuit court against one other stockholder. They alleged that the stockholders of the defunct corporation were the owners of the leases described in the petition. The purpose of the original petition was to cause the property to be sold so that the proceeds might be divided among the stockholders. Later an amended petition was filed asking for a settlement of the affairs of the corporation. The lower court granted the relief sought, directed a sale of the property and appointed a special commissioner in Webster county to make the sale. Each lease was sold separately and purchased for a small sum. The commissioner made his report to the Henderson circuit court. One of the purchasers, and one of the stockholders in the company, filed exceptions to the report of sale, which were overruled. The purchaser has appealed for the purpose of ascertaining the correctness of the proceedings below. The exceptions may be summarized under these heads:

(1) The Henderson circuit court had no jurisdiction of the subject-matter of the action because all of the leases described in the petition and ordered sold by the judgment are in Webster county, as was also, at least presumably, the home office of the corporation while it was in existence.

(2) The appellees had no right to maintain the action for the use and benefit of the unknown stockholders and that it was necessary that the unknown stockholders be brought before the court by some recognized Code procedure.

(3) The appellees had entered into collusion with the defendant and that the defendant, acting in collusion with the appellants, entered his appearance in the Henderson circuit court.

(4) Because the corporation ceased to exist in 1914 and that its title to the property gave it no right other

than to explore for minerals, and for that reason when the corporation ceased to exist all its rights, title, and interest in the leases terminated.

We shall discuss these grounds of exception in reverse order. No copy of the leases or any lease is made a part of the record. We do not know the nature of the leases or the condition or terms thereof. The weight of authority is that upon the dissolution of a business corporation its property vests in the stockholders, subject to the payment of corporate liabilities. Neptune Fire Engine & Hose Co. v. Board of Education of Mason County, 166 Ky. 1, 178 S. W. 1138, Ann. Cas. 1917C, 789; Ewald Iron Co. v. Commonwealth, 140 Ky. 692, 131 S. W. 774; Young v. Fitch, 181 Ky. 29, 206 S. W. 29. Under the rule announced in these cases when the corporation ceased to exist in 1914 the property then standing in its name vested in the stockholders. If the corporation owned the leases described in the petition, the title to the lease passed to the stockholders; but, if it had lost its rights for any reason, the stockholders took no title. At a sale of these leases the purchaser took, or will take, only such right, title, or interest as the corporation had at the time it ceased to exist unless perchance the stockholders have lost some right, title, or interest after the expiration of the charter of the corporation, and in such event the purchaser took, or will take, only such interest as the stockholders had at the time of the sale.

There is nothing in this record showing any collusion between the parties to this action. The petition shows that it was filed in the Henderson circuit court as a matter of convenience, and the lone stockholder who was made a defendant entered his appearance, as his interest was a common interest with that of the stockholders instituting the suit.

It is suggested by counsel for appellant that the stockholders instituting the suit had no right to act for, and on behalf of, the unknown stockholders. The allegations of the petition bring their right to so act well within the provisions of section 25 of the Civil Code. It is further suggested that in suits relating to the title of real estate it is necessary to bring all of the parties before the court either by summons or by constructive service. Such seems to be the provision of subsection 7 of section 494 of the Civil Code of Practice. In this case it is urged that it is not only impracticable, but impossible, to bring all of the interested parties before the court, as their

names and places of residence are unknown. Section 691 of the Civil Code of Practice was enacted to meet exactly such a situation. If this action should be treated as one to sell real estate belonging to joint owners only, all of the parties should be brought before the court by summons or constructive service. This, however, is not a suit solely for that purpose. The amended petition sought a settlement of the affairs of the corporation, and the sale of the property standing in the name of the corporation was necessary to the relief sought. Under the authority of Young v. Fitch, supra, the plaintiffs in the lower court had the right to act for and in behalf of the unknown stockholders under the provisions of section 25 of the Civil Code. The corporation has an existence beyond its life as provided in the charter for the sole purpose of winding up its affairs. It is true there were no directors of this corporation at the time of its termination, but, in the absence of directors, stockholders have control of the corporation until directors are elected, and while this fact may distinguish this case from Young v. Fitch, supra, we believe it is sound to hold that, where there are no directors, stockholders may institute suit to wind up the affairs of the corporation, although we find no authority on that particular point. We have reached the conclusion that the stockholders who filed the suit had the right to do so for themselves and for the use and benefit of the unknown stockholders after the filing of the amended petition.

We come now to the real difficulty in the case. Section 62 of the Civil Code of Practice localizes actions relating to real estate and provides that such actions must be brought in the county in which the subject of the action, or some part thereof, is situated. This section of the Code applies in cases for the recovery of real property or of an estate or interest therein. It also applies to actions for the partition of real property, except as is provided by section 66 of the Civil Code, which relates to the distribution of the estate of a deceased person or for its partition among his heirs, or the sale of the property descended from, or devised by him, for the payment of his debts. In such cases the action must be instituted in the county in which the personal representative was qualified. Section 62 also covers the sale of real property under the provisions of title 10, c. 14, secs. 489-498, of the Code, or under a mortgage, lien,

or other incumbrance or charge, except for debts of a decedent. It also covers injuries to real property.

There have been many decisions of this court, construing this section of the Code, but a careful examination of all of them will show they are harmonious. Counsel for appellees cite the cases of Gillen v. I. C. R. Co., 137 Ky. 375, 125 S. W. 1047; De Charette v. St. Mathews B. & T. Co. 214 Ky. 400, 283 S. W. 410, 50 A. L. R. 34; Doty v. Deposit Building & Loan Ass'n, 103 Ky. 710, 46 S. W. 219, 47 S. W. 433, 20 Ky. Law Rep. 625, 43 L. R. A. 551, 554; Webb v. Wright, 65 Ky. (2 Bush) 126. An examination of these cases shows that the actions were transitory in their nature, and in a transitory action the defendant may waive his right to have his case tried in his county. The subject-matter of the action is not localized. There is a discussion of these questions in the case of Dennis Bros. v. Strunk, 108 S. W. 957, 32 Ky. Law Rep. 1230, and Roberts v. Moss, 127 Ky. 657, 106 S. W. 297, 32 Ky. Law Rep. 525, 17 L. R. A. (N. S.) 280. It was held in these cases that in some actions the right to proceed for the trespass may be waived and suit instituted on an implied promise to pay. If the suit is for the trespass, the action must be instituted in the county where the real estate, or some part thereof, is situated; but, if the suit is in assumpsit, it is a transitory action. This distinction removes the apparent conflict between the Code provisions found in section 62 and some of the opinions of this court. In other cases where judgment has been entered in one county directing the sale of real estate in another county, the court, in the first county, had obtained jurisdiction of the subject-matter and the sale was merely an incident. This distinction will explain some of the cases in apparent conflict with the aforesaid provisions of the Code. A suit for the construction of a will under which real estate is devised is transitory in its nature and the parties may waive the provisions of the Code localizing the action. An action to perfect the title to land is transitory in its nature. Page v. McKee, 66 Ky. (3 Bush) 135, 96 Am. Dec. 201. A suit to enforce a contract concerning land where it does not involve a sale of the land to satisfy a lien is transitory in its nature. Henderson v. Perkins, 94 Ky. 207, 21 S. W. 1035, 14 Ky. Law Rep. 782.

The old case of Austin's Heirs v. Bodley, 20 Ky. (4 T. B. Mon.) 434, clearly points out the difference between actions transitory in their nature and those

which are so localized that the action must be instituted in a particular county. The court there said:

"Suits in chancery, like actions at law, are sometimes local, and again transitory. They may be said to be local whenever, from the cause of complaint, it becomes necessary for the decree to act upon the thing, as in cases of partition and dower; but they are always transitory, when, instead of acting upon the thing, the decree to be pronounced has to be enforced by acting upon the person. In cases of the latter sort, the cause of action always follows the person, and suit may be brought in any county where the defendant may be; but in the former class of cases, the jurisdiction attaches to the thing, abides with it, and can only be brought into action by suit in the county or circuit where the thing is."

In the case of Williams v. Davenport et al., 181 Ky. 496, 205 S. W. 551, this court said:

"This court, in applying section 62, has consistently and without deviation held that only circuit courts of the counties where the land or some part of it lies has jurisdiction in suits involving its title, an illustration of which is found in the case of Graham's Heirs v. Kitchen, 118 Ky. 18 (80 S. W. 464, 25 Ky. Law Rep. 2224), where it is said: 'Jurisdiction is vested exclusively in the circuit courts of counties where the land, or some part of it, lies, of suits involving its title.'"

Such has been the uniform decision of this court. An action which involves the title to real estate must be brought in the county where the land or some part thereof lies. There are exceptions to this rule, as indicated above, but in no case that we have been able to find has this court ever held that an action may be brought in any other county when the venue is localized by section 62 of the Civil Code, except in cases where the court, owing to the nature of the proceedings, obtained jurisdiction of the subject-matter, and the sale or partition of the real estate in another county was a mere incident.

But it is suggested by counsel for appellees that leases are personal property, and that section 62 of the Code does not apply. This court held in the case of Ken-

nedy v. Hicks, 180 Ky. 562, 203 S. W. 318, that mineral leases such as these are described to be are real estate.

It is argued by counsel for appellees that the jurisdiction of the court in such cases can be waived by consent of the parties and he cites and relies on section 1094, Ky. Stats. This section does not sustain their contention. It goes no further than to authorize the removal of such a suit from one county to another by consent. This is a change of the venue after jurisdiction has attached and the removal carries with it the jurisdiction. Under certain states of fact the venue may be changed for the trial of a defendant for murder, but no one would argue that the defendant may have been indicted in the first place in the county to which the venue was changed. Where the jurisdiction over the subject-matter of an action is localized by a provision of the Code or Statutes, the jurisdiction cannot be waived even by consent of the parties. Where the court has no jurisdiction of the subject-matter, the consent of the parties cannot give jurisdiction to it. Commonwealth v. Adkins, 169 Ky. 487, 184 S. W. 375; Fidler v. Hall, 59 Ky. (2 Metc.) 461; Barton v. Barton, 80 Ky. 212, 3 Ky. Law Rep. 746; Hughes v. Hardesty, 76 Ky. (13 Bush) 364; Baker v. L. & N. R. R. Co., 67 Ky. (4 Bush) 619.

The Henderson circuit court did not have jurisdiction of this action and the exceptions to the report of sale made by the special commissioner by the appellant should have been sustained because of the lack of jurisdiction in the court rendering the judgment.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.

Whole court sitting.