## Crawford v. Crawford.

March 7, 1941.

D. G. Boleyn for appellant.

L. D. Lewis and Roy Helm for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

Mrs. Belle Crawford, widow of E. L. Crawford, has appealed from a judgment of the Perry circuit court setting aside a deed executed by E. L. Crawford during his lifetime, in which he conveyed to his wife a tract of land in Garrard county, and ordering the land sold to satisfy a judgment against E. L. Crawford in favor of appellee, Matt Crawford, theretofore rendered in the Perry circuit court. The principal ground urged for reversal of the judgment is that the Perry circuit court was without jurisdiction to set aside the deed or to order the sale of the land, in view of section 62 of the Civil Code of Practice, which provides that actions must be brought in the county in which the subject of the action, or some part thereof, is situated for the sale of real property under a mortgage, lien, or other encumbrance or charge.

E. L. Crawford and his brother, H. T. Crawford, owned jointly a tract of land in Garrard county. On December 3, 1928, H. T. Crawford conveyed his one-half interest in the land to E. L. Crawford, who executed and delivered to H. T. Crawford his note for $3,000, the purchase price of the land. The note carried this notation: "For unpaid purchase price on land." No lien was retained in the deed from H. T. Crawford to E. L. Crawford to secure the payment of the unpaid purchase price, but the deed recited the consideration as "the sum of $1 cash in hand, and other good and valuable considerations, the receipt of which is hereby acknowledged." On April 8, 1930, $1,000 was paid on the $3,000 note, and on April 9, 1930, H. T. Crawford assigned the note to his son, Matt Crawford. In 1932 E. L. Crawford, by various deeds, conveyed all of his real estate in Perry and Garrard counties to his wife, Belle Crawford. The deed to the Garrard county farm was dated September 19, 1932. Matt Crawford learned of these conveyances, and on May 9, 1933, brought an action in equity in the Perry circuit court against E. L. Crawford and Belle Crawford in which he sought to recover judgment against E. L. Crawford on the note executed by the latter to H. T. Crawford, and assigned by H. T. Crawford to the plaintiff. Plaintiff also alleged in his petition that E. L. Crawford had conveyed to his wife, Belle Crawford, certain real estate located in Perry county by deeds dated August 15, 1932, and September 7, 1932, and that said deeds were made without consideration

but were executed for the purpose of cheating and defrauding E. L. Crawford's creditors and especially the plaintiff. He asked that said conveyances be declared void and set aside, and that he be adjudged a lien on the land and that said land be sold to satisfy his debt, interest, and costs. E. L. Crawford and Belle Crawford filed an answer in the second paragraph of which they alleged that the note sued upon was executed to secure a purchase money lien on a tract of land in Garrard county, Kentucky, and that the Perry circuit court was without jurisdiction to entertain a suit on the note. A demurrer to the second paragraph of the answer was sustained, but the order sustaining the demurrer was later set aside and an order was entered overruling the demurrer. Plaintiff replied, traversing the allegations of the second paragraph of the answer and alleging affirmatively that the land in Garrard county was worth not in excess of $800, and that H. T. Crawford, the assignor of the note sued upon, sold to the defendant E. L. Crawford only a one-half interest in the tract of land in Garrard county. Judgment was rendered against E. L. Crawford for the sum of $3,000, with interest thereon from December 3, 1928, subject to a credit of $1,000 as of April 8, 1930, but the action to set aside the conveyances of certain lands, set out in the petition, from E. L. Crawford to his wife Belle Crawford, as in fraud of creditors, was continued for hearing.

By an amended petition Elhannon Crawford, Jr., a nephew of the defendant E. L. Crawford, was made a party defendant, and he filed an answer, counterclaim, and cross-petition in which he set up a mortgage lien for $2,450 on the land in Perry county, described in the petition, and which had been conveyed by E. L. Crawford to Belle Crawford. He asked that he be adjudged a lien for that amount on the land described in the petition superior to any lien that might be adjudged to the plaintiff, Matt Crawford. Thereafter the plaintiff filed a third amended petition in which, for the first time, he asked that the deed to the Garrard county land be set aside as fraudulent, and that the land be sold to satisfy his debt. Upon submission of the case it was adjudged that the deed of September 19, 1932, from E. L. Crawford to Belle Crawford was fraudulent and it was set aside, and the land in Garrard county was ordered sold. The land was sold by the Commissioner of the Perry

circuit court, and the appellant, Belle Crawford, became the purchaser for the amount of appellee's debt, interest, and costs.

The proof sustains the chancellor's finding that the deed from E. L. Crawford to Belle Crawford was without consideration and in fraud of the grantor's creditors. Appellant argues, however, that the proper venue of the action to set aside the deed to the Garrard county land and for its sale was in the Garrard circuit court. Even if a lien existed as between H. T. Crawford, the seller of the land, and E. L. Crawford, the purchaser, it extended only to a one-half interest, and the value of a one-half interest was far less than the amount of appellee's note. He could waive the lien and sue on the note and ask merely for a personal judgment against the maker. He brought the action in Perry county where E. L. Crawford and Belle Crawford resided, and asked that deeds to property in Perry county be adjudged fraudulent and set aside and that this land be sold to satisfy his debt under the lien created by section 1907a of the Kentucky Statutes. When it developed that a superior lien existed on the Perry county land, he amended his petition and asked that the deed to the Garrard county land be set aside and that it be subjected to the payment of his debt. The sale of the land in Garrard county was merely an incident of complete adjudication. The Perry circuit court had jurisdiction of the parties and the subject matter, and when it became necessary to subject land to the payment of the debt, in addition to land located in Perry county, the Perry circuit court had jurisdiction to order the sale of land in another county. Kentucky Utilities Company v. Steenman, 283 Ky. 317, 141 S. W. (2d) 265; Fourseam Block Collieries Company v. John P. Gorman Coal Company, 259 Ky. 132, 82 S. W. (2d) 223; Doty v. Deposit Building & Loan Association, 103 Ky. 710, 46 S. W. 219, 47 S. W. 433, 20 Ky. Law Rep. 625, 43 L. R. A. 551, 554; Webb v. Wright, 2 Bush 126, 65 Ky. 126.

No summons was issued on the third amended petition. Appellant argues that the third amended petition stated a new cause of action, since it sought the sale of land other than that described in the original petition, and that a summons was necessary. This contention is without merit, since it appears that all affirmative matter in the third amended petition was controverted of

record by agreement of the parties. The appellant thus entered her appearance. The action was properly brought in the Perry circuit court, and the order directing the sale of the land in Garrard county was a remedy incidental to the main action.

The judgment is affirmed.